■ AMERICO CIRELLI, Individually and as Guardian ad Litem of AMERICO CIRELLI, JR., an Infant, et al., Appellants, v. VICTORY MEMORIAL HOSPITAL et al., Defendants, and JOHN A. MONTFORT, Respondent.— In a medical malpractice action to recover damages for personal injuries sustained by the infant plaintiff and ·for medical expenses, etc., of his coplaintiff father, plaintiffs appeal from an order of the Supreme Court, Kings County, dated July 30, 1973, which denied their motion to strike specified items from the demand for a bill of particulars of defendant John A. Montfort. Order modified by striking from said demand for a bill of particulars (1) the words "the dates, times and places" in paragraphs (b) and (c) of item 3; paragraph (d) of item 3; and items 11 and 12. As so modified, order affirmed, with $20 costs and disbursements to appellants. We have reviewed the record and are of the opinion that the complaint sufficiently set forth the information sought in the matter we are striking from the demand. In our opinion a bill of particulars in a medical malpractice action, as in any action for personal injuries, requires a "general statement of the acts or omissions constituting the negligence claimed" (CPLR 3043, subd. [a], par. [3]). We apprehend no beneficial reason to put the plaintiff in a malpractice action (who most often *is* less likely than the defendant to have knowledge of proper "surgical procedures", "medicines" and "tests") to a greater burden than plaintiffs in other types of personal injury actions. As has often been stated, the purpose of a bill of particulars is to amplify the pleadings, limit the proof and prevent surprise at trial, but

not to provide evidentiary material (*Belott* v. *State of New York*, 40 A D 2d 729; *State of New York* v. *Horsemen's Benevolent & Protective Assn.* [*N. Y. Div.*], 34 A D 2d 769; *Pagliero* v. *Baffa*, 22 A D 920). Hopkins, Acting P. J., Latham, Cohalan, Christ and Brennan, JJ., concur.