Samuel J. Silverman, J.
Motion by defendants Tobias and Davidson for preclusion is granted as to the following items unless plaintiffs serve a further bill of particulars within 20 days after service of a copy of this order with notice of entry, which ¡bill shall in go'od faith furnish the information called for, informatively, clearly and plainly, and without attempting to avoid the limiting effect of the particulars stated. If plaintiffs are without knowledge of the particulars required then they shall state same under oath, but such statement .shall not avoid the effect of the order of preclusion. After such information is acquired, plaintiffs may serve a supplemental ¡bill within 10 days after completion of examinations of defendants before trial and prior to the filing of the statement of readiness which shall in good faith furnish such particulars informatively, clearly and plainly, without attempting to avoid the limiting effect of the particulars stated. .
The action is for medical malpractice. .The complaint is couched in such general terms as to give not the slightest hint even of the condition treated or the treatment .given; quadruple amputation or migraine headaches would equally fall within the complaint.
The bill of particulars in its references to a Caesarean section and improper removal of a placenta indicates that the female plaintiff was in childbirth.
The purported hill of particulars, in answer to item 3, a statement of the acts of alleged malpractice, is so broad and general as to ibe meaningless. It is almost literally impossible to conceive any act of malpractice which counsel can now *711 think of or which may occur to trial counsel that would not be included in this bill of particulars. It would cover failure to ascertain that plaintiff was pregnant (or a woman); treating the childbirth with instruments or not, or not treating it at all; having unskilled operating room personnel (or floor nurses or cleaning women), etc., etc.
Again there are instances where the information is both stated and nullified, e.g., item 1: “ The occurrence complained of * * * occurred * * * from June 1969 to February 1971 and prior and subsequent thereto ”; and item 11: “All of the aforementioned injuries and their residual effects are permanent in nature except those of a superficial nature.”
The functions of a bill of particulars aré 1 ‘ to amplify the pleading, limit the proof and prevent surprise at the trial.” (State of New York v. Horseman’s Benevolent & Protective Assn., 34 A D 2d 769, 770.)
“Amplify” here means, of course, to give further details, not to broaden. A paper called a ‘ ‘ Bill of Particulars ’ ’ which attempts to evade these functions is not a bill of particulars at all.
As to these items, it is apparent that the pleader was attempting to avoid limiting the proof and to preserve the possibility of surprise at the trial by using meaningless, uninformative, general language covering every conceivable claim that might be made in this or any other malpractice ease. Such a bill is inadequate in my view to a point of failure to furnish a bill at all. (Cf. Pongini v. City of New York, 44 A D 2d 519.)
In fairness I should note, ¡as have other Judges (cf. Vitucci v. Rasi, N. Y. L. J., May 10, 1971, p. 21, col. 3 [DiGiovansta, J.]; see Pongini v. City of New York, supra) that it is not infrequent for such spurious bills of particulars to be served in medical malpractice cases, particularly with respect to specification of the claimed acts of malpractice.
It is also apparent that plaintiffs in malpractice actions frequently do not have the information requested by the demand for bill of particulars; but that merely calls for a frank statement that plaintiff does not have this information, to be followed by a supplemental bill of particulars giving this information when it is obtained, presumably before statement of readiness, rather than giving meaningless generalities which deliberately thwart the purpose of a bill of particulars. (See Pongini v. City of New York, supra.)
The items as to which plaintiffs are precluded subject to the foregoing are:
*712 Items 1, 3, 5, 6,7, 9(b) and (c), 20,21, 25, 29 and 30, as well as: the phrase “ Among other things ” in items 9a and 28; in item 11, the claim of permanence; in item 11 as to the female patient, the phrase “ personality changes and psychological overlay”, the paragraph beginning ‘1 Injuries to the nerves, muscles,” etc., except ins'ofar as incidental to the other specific injuries enumerated.