■ ELIZABETH A. RANDALL et al., Respondents, v HENRY L. PECH et al., Appellants.—Order unanimously affirmed, with costs. Memorandum: In this medical malpractice action defendants-appellants appeal from so much of an order which modified the demands in their notice for a bill of particulars by striking therefrom the items marked and designated 9 through 30 inclusive. At oral argument it was stipulated that appellants Gregory and Walls were joined as defendants solely because of their potential vicarious liability by reason of being members of the corporate medical group to which appellant Pech belonged; that all of the alleged malpractice acts were performed only by Dr. Pech who treated respondent Elizabeth A. Randall. We shall, therefore, limit our consideration to the paragraphs of the demand relating to Dr. Pech. The complaint alleges with specificity the claimed malpractice acts and the alleged injuries and damages resulting therefrom. It is clearly distinguishable from the pleading in *Alpert v Birnbaum* (61 Misc 2d 615,

616) relied upon by defendants in support of their claim that the "reasonableness of the demands herein can clearly be seen". In *Alpert* (p 616) the plaintiff simply repeatedly stated that the complained of acts of the defendant were "negligent in negligently, recklessly and carelessly failing" to treat the plaintiff. A proper bill of particulars must not be "couched in such general terms as to give not the slightest hint even of the condition treated or the treatment given" *(Friedman v Tobias,* 80 Misc 2d 709, 710). A reading of the complaint and the bill of particulars in the instant case demonstrates that respondents have made every reasonable attempt "to amplify the pleading, limit the proof and prevent surprise at the trial" *(State of New York v Horsemen's Benevolent & Protective Assn.,* 34 AD2d 769, 770). The function and utilization of a bill of particulars was succinctly stated in *Cirelli v Victory Mem. Hosp.* (45 AD2d 856): "a bill of particulars in a medical malpractice action, as in any action for personal injuries, requires a 'general statement of the acts or omissions constituting the negligence claimed' (CPLR 3043, subd [a], par [3]). We apprehend no beneficial reason to put the plaintiff in a malpractice action (who most often is less likely than the defendant to have knowledge of proper 'surgical procedures', 'medicines' and 'tests') to a greater burden than plaintiffs in other types of personal injury actions." A bill of particulars is not intended to assist a party in securing evidentiary material *(Horowitz v Saydjari,* 49 AD2d 760; *Palazzo v Abbate,* 45 AD2d 760; *Holland v Baker,* 30 AD2d 136). Appellants urge that the creation of mediation panels (Judiciary Law, § 148-a, subd 1) to facilitate the disposition of medical malpractice actions justifies the requested detailed particularization. Laudable as is the purpose for the establishment of the mediation panel procedure it cannot be used to vitiate orderly established litigation practice. Furthermore, appellants may well be able to secure much of the information they seek by examinations before trial. "A request for a bill that includes elaborate demands or is burdensome [as is the request in the instant case] must be viewed in the light of the pleading it is intended to particularize * * * if the pleading is sufficiently detailed, the court may deny a request for a bill under the assumption that evidence is being sought" (3 Weinstein-Korn-Miller, NY Civ Prac, par 3041.11). Special Term properly modified appellants' demands. (Appeal from order of Erie Supreme Court modifying demand for bill of particulars.) Present—Cardamone, J. P., Simons, Dillon and Goldman, JJ.