ESTHER NELSON, Appellant, v NEW YORK UNIVERSITY MEDICAL CENTER, Respondent, et al., Defendants. CHARLES PORTER, Respondent, v VINCENTE MAZZA et al., Defendants, and CATHOLIC MEDICAL CENTER OF BROOKLYN, INC., ST. MARY'S HOSPITAL DIVISION, Appellant.

First Department, March 25, 1976

*Richard E. Shandell* of counsel *(Nathan Cyperstein* with him on the brief; *Katz, Shandell, Katz, Erasmous* and *Marie M. Lambert,* attorneys), for Esther Nelson, appellant.

*Charles F. McGuire* of counsel *(Thomas R. Newman* and *Daniel E. Siff* with him on the brief; *Bower & Gardner,* attorneys), for New York University Medical Center, respondent.

*Charles F. McGuire* of counsel *(Thomas R. Newman* and *Daniel E. Siff* with him on the brief; *Bower & Gardner,* attorneys), for Catholic Medical Center of Brooklyn, Inc., St. Mary's Hospital Division, appellant.

*Joseph P. Napoli* of counsel *(Schneider, Kleinick & Weitz,* attorneys), for Charles Porter, respondent.

SILVERMAN, J. These two cases present demands by defendants for extremely detailed bills of particulars against extremely general complaints in medical malpractice actions. In both actions the demands for the bill of particulars on the part of the defendants hospitals are identical and are presented by the same attorneys for defendants.

In the *Nelson* case Special Term denied the motion to vacate the demand for a bill of particulars, required the plaintiff to serve her bill within 30 days after the publication of the decision, and directed that any items as to which plaintiff had insufficient information at that time should be so set forth under oath and a supplemental bill served with respect thereto following completion of plaintiff's pretrial discovery. In the *Porter* case the court struck a number of items from the demand for a bill on the grounds that they improperly requested evidence as well as particulars about matters not alleged in the complaint. (The latter apparently refers to item "16", appropriate to a death action which this is

not; in the *Nelson* case defendant had written the word "omit" in front of item "16".)

CPLR 3043 (subd [a]) provides for certain items which may be required in a bill of particulars in an action to recover for personal injuries including a "general statement of the acts or omissions constituting the negligence claimed." Subdivision (b) however, preserves to the court discretion to deny some of these items or to grant other or further items.

In some cases courts have held the general provision of CPLR 3043 (subd [a]) for a "general statement of the acts or omissions constituting the negligence claimed" sufficiently meets the needs of a medical malpractice action. (See, e.g., *Cirelli v Victory Mem. Hosp.,* 45 AD2d 856; *Palazzo v Abbate,* 45 AD2d 760.)

In many cases we would quite agree with such a determination.

But here—as is apparently not too unusual in medical malpractice actions (cf. *Friedman v Tobias,* 80 Misc 2d 709; *Pongini v City of New York,* 44 AD2d 519; *Vitucci v Rasi,* NYLJ, May 10, 1971, p 21, col 3)—the complaints are so general and uninformative as to raise a serious question as to whether they are designed to conceal rather than to inform. As I remarked in *Friedman v Tobias (supra,* p 710-711) with respect to the bill of particulars in that case "it is almost literally impossible to conceive any act of malpractice which counsel can now think of or which may occur to trial counsel that would not be included in this [complaint]." And indeed it seems likely that is the precise purpose of so general a complaint.

Thus, although it appears fairly clear that these are medical malpractice actions, that is all that does appear. It is impossible to ascertain from the complaint whether the alleged malpractice was in diagnosis or treatment, or in what respects; what the condition sought to be treated or the nature of the treatment was, not even whether it was medical, surgical, psychiatric, cosmetic, obstetric (in the *Nelson* case) etc.; what is claimed to have gone wrong; or what plaintiff's condition was before the treatment or has become since. The *Porter* complaint contains a cause of action for lack of informed consent; but there is not the slightest hint of what "risks, hazards, and alternatives" defendants failed to inform the plaintiff of.

The *Nelson* complaint includes among the defendants a

nurse and a nurse's aide. The *Porter* complaint includes among the defendants four fictitiously named persons identified merely as "agents, servants and/or employees of the defendant" hospital with no suggestion of who they are or what they are supposed to have done. There is no indication that the attorneys have any idea whether there are such identifiable people, or whether the allegation represents more than a hope that in the course of discovery the attorneys will be able to find somebody else to sue for something.

As I remarked in *Friedman v Tobias* (p 710) "quadruple amputation or migraine headaches would equally fall within the complaint" in both cases; and so would a claim that the cleaning woman wrung out her mop over a transfusion bottle.

Complaints as broad as this fail to meet the elementary pleading requirement that they "give the court and parties notice of the transaction, occurrences, or series of transactions or occurrences, intended to be proved" (CPLR 3013); and this failure appears not to be a mere inadvertence.

When such a complaint is served, we think defendants are entitled to the fullest bill of particulars, and that the court should err on the side of requiring more rather than less information to be furnished. We are aware of course that quite beyond the information that plaintiffs may have and prefer not to give at this time, it frequently happens especially in technical cases such as malpractice actions that some information plaintiffs just do not have. But we think that merely calls for a frank and honest statement that plaintiff does not have the information, to be followed by a supplemental bill of particulars giving the information when it is obtained, presumably before the statement of readiness.

Summing up, in these special circumstances of wholly uninformative complaints, which fail to meet the elementary requirements of CPLR 3013, we prefer the approach taken by Special Term in the *Nelson* case to that in the *Porter* case, and we accordingly are affirming the order in the *Nelson* case and modifying the order in the *Porter* case to conform with the order in the *Nelson* case. In doing so we do not intend to lay down any general rule that the particular items demanded in these bill of particulars are always to be granted. Even in the case of such obviously uninformative complaints as we have here, the Special Term properly has a wide discretion as to the items to be furnished, a discretion with which we are reluctant to interfere. But in such situations as these, we

merely lay down a guiding principle of erring on the side of requiring more information rather than less. Beyond that we have not attempted to rule whether a particular item should or should not be granted.

In the appeal of *Esther Nelson v New York Univ. Med. Center,* the order appealed from should be affirmed, without costs.

In the appeal of *Charles Porter v Vincente Mazza,* the order appealed from should be modified in the exercise of discretion, without costs, so as to strike item "16" of St. Mary's Hospital's demand for bill of particulars and the motion to modify or vacate said demand for bill of particulars otherwise denied, with a provision that any items as to which plaintiff has insufficient information to furnish adequate response at the time the bill of particulars is required to be served shall be so stated under oath and plaintiff shall be required to serve a supplemental bill of particulars with respect to such items following completion of plaintiff's pretrial discovery, and before a statement of readiness.

In both cases the bills of particulars shall be required to be served within 30 days after publication of a memorandum of this decision.

KUPFERMAN, J. P., CAPOZZOLI, LANE and NUNEZ, JJ., concur.

Order, Supreme Court, New York County, entered on August 6, 1975, unanimously affirmed, without costs and without disbursements. Plaintiff-appellant's bill of particulars is to be served within 30 days after publication of this decision.

Order, Supreme Court, New York County, entered on or about November 13, 1975, unanimously modified, in the exercise of discretion, without costs and without disbursements, so as to strike item "16" of St. Mary's Hospital's demand for a bill of particulars and the motion to modify or vacate said demand for bill of particulars otherwise denied, with a provision that any items as to which plaintiff has insufficient information to furnish adequate response at the time the bill of particulars is required to be served shall be so stated under oath and plaintiff shall be required to serve a supplemental bill of particulars with respect to such items following completion of plaintiff's pretrial discovery, and before a statement of readiness. Plaintiff's bill of particulars is to be served within 30 days after publication of this decision.