◾ JOE KENLER et al., Respondents, v MURRAY S. WEISSBACH, Defendant, and BOOTH MEMORIAL HOSPITAL, Appellant.—In a medical malpractice action, the defendant hospital appeals from so much of an order of the Supreme Court, Queens County, dated September 28, 1977, as (1) granted, to a stated extent, plaintiffs' motion to vacate appellant's demand for a bill of particulars and (2) denied appellant's cross motion for a protective order with respect to plaintiffs' demand for a bill of particulars relating to affirmative defenses pleaded in its answer. Order modified by deleting therefrom the provision that appellant's motion for a protective order is denied in its entirety and by substituting therefor provisions that the cross motion is granted to the extent of striking paragraph "second" of plaintiffs' demand for a bill of particulars and that the cross motion is otherwise denied. As so modified, order affirmed insofar as appealed from, without

costs or disbursements. The respective demands for bills of particulars in this case sought irrelevant matter and directed the production of evidentiary materials, as opposed to a "General statement of the acts or omissions constituting the negligence claimed" (see CPLR 3043, subd [a], par [3]). A bill of particulars is not intended to be of aid to a party in obtaining evidentiary material. Its purpose is to amplify the pleadings, limit proof and prevent surprise at trial *(Cirelli v Victory Mem. Hosp.,* 45 AD2d 856; cf. *Nelson v New York Univ. Med. Center,* 51 AD2d 352). We note that plaintiffs have not cross-appealed. Latham, J. P., Rabin, Gulotta and O'Connor, JJ., concur.