OPINION OF THE COURT
John A. Monteleone, J.
In this medical malpractice action plaintiff moves to strike items 5, 6, 7, 8 and 9 of the defendant Dr. Dolph Shapiro’s demand for a bill of particulars.
The relief requested herein is typical of numerous motions *681 in this specialized area of law. The contested items appear in literally hundreds of demands for particulars by attorneys defending doctors and hospitals. The issue is whether these items are proper matters to be answered in a bill of particulars.
The contested demands read as follows:
"5. A statement of the accepted medical practices, customs and medical standards which it is claimed were violated and departed from by the answering defendant(s) herein.
"6. State the manner in which the answering defendant(s) departed from each of the above accepted medical practices, customs and standards.
"7. State whether or not any claim is made as to improper or defective equipment, and if so, identify the equipment and state the defective conditions.
"8. If plaintiff will claim that the answering defendants) ignored complaints, signs, symptoms; made an erroneous diagnosis; afforded improper treatment; administered improper and/or contraindicated drugs; administered proper drugs in an incorrect dosage; failed to take or administer tests, or improperly took and administered test state:
"(a) The complaints, signs and symptoms that the answering defendant(s) ignored;
"(b) In what respect the diagnosis was erroneous and incorrect; what the claimed correct diagnosis is; the point in time that the plaintiff will claim defendant(s) should have made the correct diagnosis;
"(c) The improper treatment that was afforded and in what manner the said treatment was improperly performed;
"(d) The name of each and every improper and/or contraindicated drug;
"(e) The name of each proper drug allegedly administered incorrectly with the dosage that plaintiff will claim was the correct dosage;
"(f) The name and/or description of each and every test defendant(s) failed to take or administer;
"(g) The name of each and every test defendants) improperly took or administered and the manner in which each such test was improperly taken or administered.
"9. If plaintiff will claim that the answering defendants) improperly performed a surgical procedure or procedures; *682 performed a surgical procedure that was contraindicated and/ or unnecessary state:
"(a) The name of the surgical procedure and the date that it was performed;
"(b) Set forth what surgical procedures were contraindicated and/or unnecessary;
"(c) In what manner the aforesaid surgical procedures were improperly performed.”
CPLR 3043 sets forth the general guidelines for a demand in a personal injury action. The issue in dispute most often involves the requirement that a general statement of the acts or omissions constituting the negligence, or malpractice as applicable herein be set forth.
It is the contention of the plaintiff that the items demanded are improper on several grounds. Plaintiff contends that the items call for extensive disclosure of evidence and are, in effect, a set of written interrogatories, a disclosure device not available in a negligence case pursuant to CPLR 3130 (Rothholz v Chrysler Corp., 62 Misc 2d 901; Florentino v Jaques, 41 Misc 2d 972).
Plaintiff also contends that the items demanded seek evidentiary matter, which is beyond the scope of a bill of particulars whose purpose is to amplify the pleadings, limit the proof and prevent surprise at the trial.
The matter herein has been the subject of prior decisions (see Cirelli v Victory Mem. Hosp., 45 AD2d 856; State of New York v Horsemen’s Benevolent & Protective Assn., 34 AD2d 769; Palazzo v Abbate, 45 AD2d 760; Horowitz v Saydjari, 49 AD2d 760).
More recently the Appellate Division, Second Department, in the Matter of Venezia v Klinger (61 AD2d 1145) decided March 6, 1978, affirmed an order of this court which struck items 5, 6, 8 and 9 which are identical to the same numbered items of the demand herein.
Defendant Shapiro relies principally upon Nelson v New York Univ. Med. Center (51 AD2d 352). In that case the court held that where a broad complaint is served the defendant is entitled to further amplification in a bill of particulars.
The central theme in all of these cases revolves around whether the complaint is sufficiently informative as to the nature of the negligence or malpractice alleged as in the *683 Cirelli case or broad and general as in the Nelson case, both cited, supra.
Medical malpractice cases, almost invariably, involve plaintiffs whose only information concerning what occurred is divulged by the records made. and kept by physicians and hospitals. Accordingly, the defendant knows more about the facts of the lawsuit than the plaintiff. It is only after extensive examinations before trial are conducted that plaintiffs are in a position to determine what, if any, departures from good and accepted practice, occurred. Very often, these disclosures as to departures or deviations are not ferreted out until the trial itself. It follows, therefore, that to request specific departures in a bill of particulars is not only evidentiary, seeking expert opinion testimony, but would also serve to preclude a plaintiff if testimony is adduced at trial of a departure not specifically pleaded.
Included in the allegations of malpractice in this complaint, plaintiff alleges that the defendant failed to properly diagnose. Whether a physician failed to properly diagnose or not depends upon whether the physician acted in accordance with good and accepted medical practice. The standards of conduct, which are the very basis for determining malpractice, are established by physicians and hospitals in a given community (Pike v Honsinger, 155 NY 201).
The defendant physician is chargeable, under our law, of knowing those medically accepted standards, applicable to the proper care and treatment of the plaintiff. It logically follows that there is no need to set forth matters which are known to the defendant. It is for this reason that defendant physicians have been required to inform plaintiffs of the care and treatment rendered by them and to set forth whether such care and treatment was in compliance with good and accepted medical practice (Pike v Honsinger, supra; Wilson v McCarthy, 57 AD2d 617; Johnson v New York City Health & Hosps. Corp., 49 AD2d 234; McDermott v Manhattan Eye, Ear & Throat Hosp., 15 NY2d 20).
The court agrees with the defendant in his contention that each medical malpractice complaint should be treated separately and individually in determining whether it sets forth sufficient detail to apprise a defendant of the general areas of negligence or malpractice. It is for this very reason that stereotyped or "boiler plate” demands for bills of particulars in medical malpractice cases are repugnant. Motions dealing *684 with bills of particulars are cumbersome and tedious requiring Judges to spend an inordinate amount of time in examining pleadings and papers addressed thereto. It is the obligation of the Bar on both sides to avoid adding to this extensive, and at times, massive assault upon our courts to decide motions which should be avoided in the first instance.
The art of practicing law is no different from the art of practicing medicine. While physicians are charged with knowing good and accepted medical practice, lawyers are charged with knowing what is proper and improper pursuant to law. Attorneys who specialize in medical malpractice cases are comparatively few in number. These attorneys are most knowledgeable and sophisticated in their representation of both plaintiffs and defendants. Accordingly, the failure to serve a proper complaint or the failure to serve a proper demand for a bill of particulars should not be countenanced by our courts. This court is aware that CPLR 3042 (subd [a]) provides that a motion is required to vacate or modify improper demands. The dilemma is that if a plaintiff fails to move pursuant to said section he may find himself required to answer improper demands or be subjected to motions to preclude. It may be for this tactical reason and not for lack of knowledge that improper demands are made for particularization. Courts should not lend themselves to, nor encourage, this type of practice. Therefore, if a demand for particulars is patently improper in the first instance, no penalty should ever attach for failure to respond.
Accordingly, the Bar is reminded that it is charged with assisting the administration of justice through its Judges. To this end there should be a diminution of motion practice through amicable discussion. The principal time and energy of Judges should be conserved for trials and not for unnecessary motions.
Such a procedure is consistent with the recently adopted rule of the Supreme Court, New York County, 22 NYCRR 660.8 (b) (6) which provides, inter alia, that all motions relating to bills of particulars, as well as other types of motions, require an affidavit by counsel for the moving party that he has conferred with counsel for the opposing party in an effort, in good faith, to resolve by agreement the issues raised by the motion without the intervention of the court and has been unable to reach such an agreement.
Our present society is litigious. We are experiencing a *685 constant increase of litigation in all areas, as evidenced by recent statistics, relating to products liability, class actions, malpractice, both medical and legal, etc. Without the co-operation and assistance of the Bar our judicial system will falter and perhaps even break down under this burden. To put it succinctly, the wheels of justice need grease and not spokes.
The motion is granted to the extent that items 5, 6, 8, and 9 are stricken. The particulars as to item 7 of the demand are to be furnished if applicable and known.