■ CATHERINE CALABRESE, as Executrix of SALVATORE CALABRESE, Also Known as SAM CALABRESE, Respondent-Appellant, v CALDWELL DEVELOPMENT CORPORATION et al., Appellants-Respondents.—Order unanimously modified in accordance with memorandum and, as modified, affirmed, without costs, Denman, J., not participating. Memorandum: Defendants appeal from an order at Special Term in Erie County which denied, in part, their motion for a further bill of particulars. Plaintiff has cross-appealed from the same order which required her to reply to Demands Nos. 7 and 8. Defendants owned and operated a swimming pool located at 775 Smith Street, East Amherst, New York, on the premises of defendant, Ransom Oaks Apartment Complex. On July 13, 1974 at around 9:00 P.M. the 45-year-old decedent, Sam A. Calabrese, was seriously injured while in the pool. He died on August 18, 1974 as a result of the injuries received. Catherine Calabrese, decedent's wife, was appointed executrix of his will and brought an action against defendants for his wrongful death. Defendants served an extensive demand on plaintiff for a bill of particulars. Plaintiff's response in her bill of particulars was that many of these demands were either improper or that the information sought was unknown to her. Thus, the sole issue before us relates to the appropriateness of defendants' demands. Special Term ruled that defendants were not entitled to the particulars from plaintiff with respect to their Demands Nos. 4, 5, 6, 11, 12, 16, 3, 9, 19, 13, 14 and 15 and the portion of Demand No. 8 which relates to the action of eyewitnesses. Special Term also held that plaintiff had to respond to Demand No. 7 and Demand No. 8 insofar as it seeks names and addresses of eyewitnesses. We agree with Special Term that Demands Nos. 4, 5, 6, 11, 12 and 16 are improper requests inasmuch as they relate to decedent's possible contributory negligence and, as such, are issues upon which defendants have the burden of proof in this wrongful death action (EPTL 11-3.2, subd [b]). The scope of a bill of particulars is limited to those issues upon which a party has the burden of proof (*Bounds v Mutual of Omaha Ins. Co.,* 37 AD2d 1008; 3 Weinstsein-Korn-Miller, NY Civ Prac, par 3041.10). Demand No. 3 which requests the names and addresses of the persons who invited decedent to the pool premises must be answered. The decedent was not a tenant at defendants' apartment complex and it is alleged in the complaint that he was "invited" to the premises either expressly or impliedly by defendants for the purpose of using the pool. In *Basso v Miller* (40 NY2d 233) the Court of Appeals ruled (p 241) that "While status is no longer determinative, considerations of who plaintiff is and what his purpose is upon the land are factors which, if known, may be included in arriving at what would be reasonable care under the circumstances". Viewed solely in this context it could again be concluded that this demand relates to the issue of contributory negligence upon which plaintiff does not have the burden of proof. However, the Court of Appeals also stated (p 241) the standard with respect to an owner's negligence as that "of reasonable care under the circumstances whereby foreseeability shall be a measure of liability". Considering "foreseeability" as it bears on defendants' negligence, we conclude that plaintiff should answer Demand No. 3. It is defendants' contention that they furnished a standard depth, well-marked, fenced-in swimming pool for the benefit of tenants residing at their apartment complex. They want responses to their

demand for a bill of particulars because they do not know in what respect they are alleged to have been negligent. The purpose of the bill is to amplify the pleadings, limit the proof and assist in preparation for and avoid surprise at trial. It may not generally be used to obtain evidentiary matter *(Anthony v Tops Supermarket,* 54 AD2d 602; *Randall v Pech,* 51 AD2d 864, 865; *Cirelli v Victory Mem. Hosp.,* 45 AD2d 856). The party requesting amplification of the complaint and knowledge of the contentions to be met at trial is entitled to them (CPLR 3043, subd [a]). Plaintiff's complaint and present bill do not sufficiently inform defendants in what respect they are alleged to have been negligent. Thus, Demand No. 9 which requests the statute, rule, regulation or code that plaintiff will claim was violated by defendants must be answered (see *Sobel v Midchester Jewish Center,* 52 AD2d 944). Similarly, Demands Nos. 13, 14, 15 and 17 should be answered with sufficient specificity so that defendants will have notice of the contentions they must meet at trial (CPLR 3043, subd [a], pars [3], [4], [5]; *Iskovitz v Arrathoon,* 57 AD2d 546). Finally, we agree with the disposition made at Special Term with respect to Demands Nos. 7, 8 and 19. (Appeals from order of Erie Supreme Court—bill of particulars.) Present—Marsh, P. J., Cardamone, Simons, Denman and Witmer, JJ.