■　MARY PATTERSON, Respondent, v JEWISH HOSPITAL AND MEDICAL CENTER OF BROOKLYN et al., Appellants, et al., Defendants.—In a medical malpractice action, the appeals are from so much of two orders (one as to each appellant) of the Supreme Court, Kings County, both dated May 18, 1978, as granted the plaintiff's motions to strike Items Nos. 5, 6, 8 and 9 from each of the appellant's demand for a bill of particulars. Orders affirmed insofar as appealed from, with one bill of $50 costs and disbursements. *Venezia v Klinger* (61 AD2d 1145) and *Johnson v Charow* (43 AD2d 668) are controlling here. Insofar as *Nelson v New York Univ. Med. Center* (51 AD2d 352 [1st Dept]) is to the contrary, we decline to follow it. Damiani, J. P., Suozzi, Shapiro and Cohalan, JJ., concur. [94 Misc 2d 680.]

■　GERALDINE POLOV, as Administratrix of the Estate of WILLIAM H. POLOVCHENA, JR., Deceased, Plaintiff, v LONG BEACH TERRACE APARTMENTS, INC., et al., Defendants, and HEEDE HOIST & MACHINE Co., INC., Respondent. CADIN CONTRACTING CORP., Third-Party Defendant-Appellant. (And a Fourth-Party Action.)—Appeal by third-party defendant Cadin Contracting Corp. (Cadin) from an order of the Supreme Court, Nassau County, dated July 22, 1977, which denied its motion to disallow the taxation of certain disbursements by defendant Heede Hoist & Machine Co., Inc. (Heede). Order affirmed, with $50 costs and disbursements. In a wrongful death action, the plaintiff administratrix entered a judgment against Heede for $266,245 upon a jury verdict in her favor. The same judgment gave Heede a 50% *Dole* apportionment recovery on its cross claim against Cadin, the employer of the decedent. Heede appealed from the judgment against it and Cadin cross-appealed from that part of the judgment which apportioned liability. Heede and Cadin agreed to share equally the expense of transcribing the minutes of the trial and the expense of printing the record. After Heede discontinued its appeal pursuant to a settlement with plaintiff, it prevailed as respondent on the appeal by Cadin, and was awarded costs by this court *(Polov v Long Beach Terrace Apts.,* 54 AD2d 710). The Clerk of Nassau County entered, as taxable disbursements in favor of Heede, the amount it expended as its share of the afore-mentioned expenses. We agree with Cadin that Special Term erred in holding that Heede was entitled to such disbursements as a *successful appellant.* Obviously, Heede was entitled to such disbursements by virtue of its prevailing as respondent on the appeal brought by Cadin on the apportionment issue. In view of the fact that the half of the record and stenographic minutes for which Heede paid was required by Cadin's appeal, such disbursements by Heede constituted reasonable expenses within the purview of CPLR 8301 (subd [a], par 6). (Cf. *People ex rel. Hinckley v Hinckley,* 34 AD2d 774). Hopkins, J. P., Martuscello, Rabin and Margett, JJ., concur.