OPINION OF THE COURT
Andrew J. Di Paola, J.
This motion by plaintiff for an order modifying the demand for a bill of particulars served by the defendant William D. Franklin, M.D., is denied.
This is an action for medical malpractice brought by the plaintiff against an assortment of 25 defendants. The complaint alleges that the individual defendant physicians collectively "undertook to perform, and did perform certain diagnostic tests, examinations, medical and surgical procedures and operations upon the person of the deceased, for a good and valuable consideration, from and after in or about June of 1976, until the decedent’s death on June 3,1977”.
Paragraphs 11 and 12 of the complaint purport to allege the negligence of the defendants, as follows:
"eleventh: That said surgical procedures and medical treatment and certain pre-operative and post-operative tests, evaluations, advice and treatment were given and rendered in an *1024 improper, negligent and careless manner in that the defendants failed, neglected and omitted to exercise, use and employ the skill, care, and diligence commonly and ordinarily possessed by and required of physicians, surgeons and hospitals in the locality where the defendants practice; in that they departed from the accepted standards of medical and surgical care in that they failed, neglected and omitted to properly examine, test, diagnose, treat, evaluate and prescribe for the condition from which the deceased was suffering; and the defendants were otherwise careless and negligent by failing, neglecting and omitting to take, use and employ those reasonable and proper steps, procedures and practices for safeguarding the health, welfare and safety of the deceased.
"twelfth: That by reason of the foregoing, gerald suskin suffered great pain, agony, shock and mental anguish, and had been sick, sore, lame and disabled from June 1976 until his death on or about June 3, 1977. During said period, the plaintiff individually was deprived of the society, companionship and corsortia [sic] of her husband, gerald suskin.”
Pursuant to CPLR 3041, defendant Franklin served a demand for a bill of particulars in which he requested the following information:
"1. The manner and respect in which it is claimed the defendant franklin (hereinafter referred to as 'defendant’) was negligent, careless and unskillful, including but not limited to the following:
"(a) Detail each test or procedure which it will be claimed should not have been performed by the defendant.
"(b) Detail each test or procedure which it will be claimed was performed improperly by the defendant and in what respect.
"(c) Detail each additional test or procedure which it will be claimed should have been performed by the defendant.
"(d) Detail each drug or medication which it will be claimed should not have been administered by the defendant.
"(e) Detail each drug or medication which it will be claimed was administered in an improper dosage by the defendant and in what respect.
"(f) Detail each additional drug which it will be claimed should have been administered by the defendant.
"(g) If it will be claimed that a misdiagnosis was made by *1025 the defendant, state what the proper diagnosis should have been.
“(h) If it will be claimed that there was a lack of adequate consultation by the defendant, detail each specialty which should have been consulted, and at what point in the treatment.
“(i) If it will be claimed that defendant ignored any signs, symptoms, complaints or past history, identify the signs, symptoms, complaints or past history which were ignored.
”(j) If it will be claimed that there was improper treatment in any other respect, detail what the proper treatment should have been.
"2. If it will be claimed that any of the acts or omissions particularized in Item 1 was performed by another for whose acts or omissions the defendant has legal responsibility, detail as to each such act or omission the name of the person who performed it, and that person’s legal relationship to the defendant.
“3. If it will be claimed that any equipment or other medical instruments were defective or otherwise improper, identify the equipment or instrument, set forth in what respects it was defective or improper, and identify the person(s) who used, owned and controlled the equipment or instruments at the time of the patient’s treatment.”
As is the prevailing custom, plaintiff moved for an order modifying the demand to strike the afore-mentioned paragraphs 1, 2 and 3, citing the leading case in the Second Department, Cirelli v Victory Mem. Hosp. (45 AD2d 856) as well as subsequent cases following Cirelli.
In opposition to the motion, the defendant points out to the court that the plaintiff, in response to 17 of the other defendants’ demands for a bill of particulars, has served a general statement of the acts of professional negligence. Inasmuch as defendant Franklin claims never to have actually seen the plaintiff’s intestate, he states that it would be "most onerous and burdensome if he were claimed to have been so remiss as to have committed all of the various acts of negligence that the plaintiff has seen fit to allege as to the co-defendant’s [sic]”.
This court notes the continuing trend towards the service of extremely vague complaints in medical malpractice actions. In response to this trend, the defendants have begun to demand *1026 matter which has traditionally been regarded as "evidentiary in nature”. This in turn has led to numerous motions by plaintiffs to vacate or modify said demands.
In a case such as the one at bar, with 25 defendants and 25 sets of demands, such a plethora of motions can easily clog up the arteries of an already surfeited Special Term.
The First Department has ostensibly solved the problem in Nelson v New York Univ. Med. Center (51 AD2d 352) by the acceptable solution of allowing the plaintiff to state under oath that he or she lacks the knowledge demanded and to serve a supplemental bill following completion of plaintiff’s pretrial discovery. (See, also, 3 Weinstein-Korn-Miller, NY Civ Prac, pars 3041.07, 3041.20, 3042.03, wherein this solution is recommended.) This approach has not yet been approved in the Second Department. However, it must be noted that in Cirelli (supra, p 856), the court expressly found that "the complaint sufficiently set forth the information sought”. In Randall v Pech (51 AD2d 864) the Fourth Department in striking "evidentiary” demands, also found that "the complaint alleges with specificity the claimed malpractice acts and the alleged injuries and damages resulting therefrom.”
Plaintiff relies on Patterson v Jewish Hosp. & Med. Center of Brooklyn (65 AD2d 553, affg 94 Misc 2d 680). In that decision, the court held that "each medical malpractice complaint should be treated separately and individually in determining whether it sets forth sufficient detail to apprise a defendant of the general areas of negligence or malpractice.” (94 Misc 2d, at p 683.)
In examining the complaint in the instant case, this court is totally unable to ascertain in what way defendant Franklin was negligent. Should not a defendant who claims never to have seen the patient be slightly educated by the complaint as to the manner in which he allegedly deviated from good medical practice? Or are the pleadings in a medical malpractice case merely pirouettes and postures?
Inasmuch as the complaint is so general and uninformative that it is impossible to ascertain what was the alleged malpractice, and since the number of defendants would render a general statement meaningless as to defendant Franklin, this court will deny the plaintiff’s motion. The plaintiff is, of course, free to follow the suggested approach put forth in the Nelson case (supra).