OPINION OF THE COURT
Frank Composto, J.
In this medical malpractice action, defendant Maimonides Medical Center served a demand for a verified bill of particulars requesting 25 items of particulars, and contained therein are 22 subdivisions. The demand then serves further notice that upon completion of pretrial discovery proceedings and at least 20 days prior to the filing of a note of issue, the plaintiff is required to serve a further bill of particulars setting forth 8 *895 more items with 16 subdivisions contained therein, making a grand total of 33 items and 38 subdivisions.
Plaintiff moves for an order vacating the demand for a bill of particulars in its entirety on the grounds that it is oppressive and seeks evidentiary matter, or, in the alternative, vacating items 1 to 8 inclusive of the so-called demand for a further bill of particulars.
It would appear that the defendant is seeking to extend and broaden the principles of bifurcated trials to the area of bifurcated bills of particulars. The court finds no sanction or provision for this split relief. CPLR 3041 provides for a single bill of particulars, with no reservation or caveat for a subsequent bill of particulars. The procedure sought is not in compliance with CPLR.
Apparently, the defendants choose not to heed the admonition of Justice Monteleone as expressed in Patterson v Jewish Hosp. & Med. Center of Brooklyn (94 Misc 2d 680, affd 65 AD2d 553, lv to app den NYLJ, Nov. 13, 1978, p 13, col 6).
In a not too subtle attempt to circumvent Patterson (supra), the attorneys for the defendants are initiating a new tack. They appear to have embarked on a "testing the waters” expedition for each Judge assigned to Special Term Part I. In the case of Conston v City of New York, decided April 26, 1979, Justice Max Cooper granted the motion to strike this two-tier demand for a bill of particulars, stating there is no provision in the CPLR for seriatim demands. In the case of Edmond v Long Is. Coll. Hosp., decided January 15, 1979, the attorneys for the defendant had already been rebuffed when a similar motion before Justice Leone was denied. Now, again, the defendants seek to circumvent the admonitions of the Appellate Division in Patterson (supra), and persist in pursuing the same unusual two-pronged, two-tier motion before this court, after their unsuccessful attempts before Justices Cooper and Leone. How many more times must the defendants be rebuffed before heeding these admonitions of the various courts?
When will the defendants heed the warnings and castigations that are set forth by the Appellate Division in Patterson (supra); Cirelli v Victory Mem. Hosp. (45 AD2d 856); Horowitz v Saydjari (49 AD2d 760); Carter v Brookdale Hosp. Med. Center (NYLJ, June 14, 1978, p 15, col 4); by Justice Pine in Arsenault v Maimonides Med. Center (NYLJ, Feb. 27, 1979, p *896 14, col 2)? Must heavy sanctions be imposed before the message seeps through? •
The court — aware of the decision in Patterson (supra), compared the items requested in the instant case with those condemned by the Appellate Division in the Patterson case (supra) and found that at least 25 of the items in the instant case were verbatim repetitions of those demanded in Patterson (supra). The numbers were juxtaposed or the wording was slightly changed, but the demands were indistinguishable twins. The court finds the items improper, and following the Patterson decision (supra), the court grants the plaintiffs motion to vacate the defendant’s demand.
Settle order on notice.