■ ANGELO CUCUZZO et al., Appellants, v HUNTINGTON HOSPITAL et al., Respondents.—In a medical malpractice action, plaintiffs appeal from an order of the Supreme Court, Nassau County, dated November 1, 1978, which (1) granted defendants' motions for summary judgment based upon plaintiffs' failure to comply with a prior order of preclusion and (2) denied plaintiffs' cross motion to vacate the order of preclusion. Order reversed, without costs or disbursements, defendants' motions denied and plaintiffs' cross motion granted, on condition that plaintiffs' attorney personally pay the sum of $250 to the five individually named defendants on a pro rata basis within 20 days after service upon him of a copy of the order to be made hereon, together with notice of entry thereof. In the event such condition is not complied with, then order affirmed, with $50 costs and disbursements. The order of summary judgment was based upon a prior order which did not direct preclusion against the defendant hospital, but only service of a further bill. Accordingly, summary judgment was improperly granted in favor of this defendant. The preclusion order also directed the plaintiffs to inform each of the five defendant physicians "as to his involvement in this action". Information in relation to diagnosis and medical treatment is commonly within the exclusive knowledge of the treating physicians, a circumstance which was recognized by this court in *Patterson v Jewish Hosp. & Med. Center of Brooklyn* (94 Misc 2d 680, affd 65 AD2d 553). Summary judgment should not have been granted, under the circumstances of this case, on the basis of the preclusion order in view of the fact that, with respect to the request of each of the five defendant treating physicians for particulars "as to his involvement in this action", plaintiffs' response to each, "failure to diagnose fractured ribs and ruptured disc", was adequate. The imposition of costs against plaintiffs' attorney arises from the delay of more than seven months in complying with the conditional preclusion order against his clients. It was incumbent upon him to comply with the conditional preclusion order in a timely fashion and his failure to act in an expeditious manner generated further complexities and delays in this action, warranting the imposition of the afore-mentioned penalty. Mangano, J. P., Gibbons, Rabin and O'Connor, JJ., concur.