■ DEBORAH HAWKES, Appellant, v MOUNT SINAI HOSPITAL et al., Respondents.—Order of the Supreme Court, New York County, entered November 27, 1979 (Appeal No. 7521N), denying plaintiff's motion to vacate separate demands for bills of particulars modified, on the law, on the facts and in the exercise of discretion, to the extent of vacating Items Nos. 8(d) and 8(e) of the demands and, as thus modified, affirmed, without costs. Order of the Supreme Court, New York County, entered November 16, 1979 (Appeal No. 7522N), denying plaintiff's motion to vacate defendants' de-

mands for authorizations and for discovery and inspection modified, on the law and on the facts, to the extent of vacating the demand for authorizations dated September 25, 1979, without prejudice to a renewal of such demand upon a showing of relevancy and materiality, and otherwise affirmed, without costs. In this medical malpractice action defendants made separate demands for bills of particulars. They also served a notice to discover and inspect dated September 19, 1979 and two demands, one dated September 19, 1979, for authorization to inspect the records of Lenox Hill Hospital and one dated September 25, 1979, seeking the right to examine all of plaintiff's medical records, without limitation of time and with no showing of relevancy or materiality. On this appeal defendant has withdrawn its demand for certain items contained in its demands for bills of particulars. Of the items remaining, we find Items Nos. 8(d) and 8(e) overly broad in scope. Accordingly, we delete them. Our dissenting brethren would also strike Items Nos. 5 and 6, which deal with accepted medical practice and the manner in which defendants are alleged to have deviated therefrom. Since these elements will be in issue at the trial, we think that defendants are entitled to narrow the issues with respect thereto. As to the demand for authorizations dated September 25, 1979, we are all in agreement that it must be vacated. While the nature of the malpractice claimed (the administration of sulfa drugs to which plaintiff is alleged to be allergic) is such that defendants are entitled to a wider sweep of discovery than ordinarily would be granted, there must be some showing that the documents sought are material and relevant. Here, there has been no such showing. In the classic sense it is a "fishing expedition" prompted by the hope that something may be discovered which will be helpful. So amorphous a predicate furnishes no basis for discovery. Concur—Birns, J. P., Sullivan and Bloom, JJ.

Sandler and Carro, JJ., dissent in a memorandum by Sandler, J., as to Appeal No. 7521N, as follows: A disagreement with regard to items in a demand for a bill of particulars does not ordinarily justify a dissenting opinion, and arguably this case is no exception. However, the items at issue here seem to me to represent a significant misuse of the function intended to be served by bills of particulars and one that apparently has become widespread in medical malpractice actions. Moreover, I do not think we should pass over without comment the fact that defendants here submitted form demands embracing items that had no conceivable relationship to this action and which have been withdrawn belatedly on this appeal "in an effort to narrow the issues" although approved at Special Term. The complainant alleges, in substance, that on January 1, 1979, plaintiff went to the emergency room of defendant hospital; that plaintiff at all relevant times was allergic to drugs containing quantities of sulfa; that the defendant doctor negligently prescribed medication containing quantities of sulfa to plaintiff, although he "knew", or "with the exercise of reasonable care, should have known, that plaintiff was allergic to such medication and that plaintiff would be caused to be injured thereby." CPLR 3043, describing the particulars that may be required in personal injury actions, includes, as here pertinent, in paragraph (3) of subdivision (a): "General statement of the acts or omissions constituting the negligence claimed." By any standard, the allegations in this complaint more than satisfactorily fulfill that requirement. On the issue of liability, the complaint is clear and specific and leaves no room for doubt as to the claim of culpability advanced. At issue here are Items Nos. 5 and 6 of the demands. They request the following: "5. A statement of the accepted medical practices, customs and medical standards which it is claimed were violated and departed from by the answering

defendant(s) herein. 6. State the manner in which the answering defendant(s) departed from each of the above accepted medical practices, customs and standards." I do not perceive in these items a purpose appropriate to the function intended to be served by a bill of particulars. They do not in any way embody a request for "acts or omissions constituting the negligence claimed." Indeed, they do not seek factual information at all. Their apparent purpose is to require plaintiff's lawyer at the beginning of the litigation to translate the simple and clear allegations of fact set forth in the complaint into some kind of formal, technical terminology in the hope of eliciting a blunder in phrasing that might yield tactical advantages at trial. Such efforts should not be sanctioned. As to Item No. 6, in addition to what has been said above, it is immediately apparent that the complaint in fact fully presents the precise information purportedly sought. The issues presented here were authoritatively addressed in *Cirelli v Victory Mem. Hosp.* (45 AD2d 856) in the following words: "In our opinion a bill of particulars in a medical malpractice action, as in any action for personal injuries, requires a 'general statement of the acts or omissions constituting the negligence claimed' (CPLR 3043, subd. [a], par. [3]). We apprehend no beneficial reason to put the plaintiff in a malpractice action (who most often is less likely than the defendant to have knowledge of proper 'surgical procedures', 'medicines' and 'tests') to a greater burden than plaintiffs in other types of personal injury actions." Contrary to defendants' contention on this appeal, the opinion of this court in *Nelson v New York Univ. Med. Center* (51 AD2d 352) does not embody a different approach. In *Nelson* (p 354), this court sanctioned items comparable to those in issue here only because of the conclusion that the complaints there involved "are so general and uninformative as to raise a serious question as to whether they are designed to conceal rather than to inform." The court made quite clear (p 354) its basic agreement with *Cirelli* where, as here, the complaint is appropriately informative and, in fact, sets forth a "general statement of the acts or omissions constituting the negligence claimed." For the reasons stated, I would further modify the order of the Supreme Court, New York County, entered November 27, 1979 to delete Items Nos. 5 and 6 of the demands.