(October 19, 1981)

■ RUTH ABRAMS, as Administratrix of the Estate of HARRY ABRAMS, Deceased, et al., Respondents, v LONG ISLAND JEWISH-HILLSIDE MEDICAL CENTER

et al., Defendants, and Richard A. Lipton, Appellant. — In a medical malpractice action, defendant Richard Allen Lipton appeals from so much of an order of the Supreme Court, Nassau County (Oppido, J.), dated March 4, 1981, as excused plaintiffs from responding to Item No. 2 in the demand for a bill of particulars. Order reversed, insofar as appealed from, without costs or disbursements, and the bill of particulars is to be served as to all items. Plaintiffs' time to serve the bill of particulars is extended until 30 days after service upon them of a copy of the order to be made herein, together with notice of entry. Item No. 2 of appellant's demand for a bill of particulars read as follows: "2. Give a statement of each and every act of omission, or commission, which you will claim is the basis of the alleged malpractice or other wrong doing of this answering defendant." This was a proper demand in accordance with our decision in *Horowitz v Saydjari* (49 AD2d 760). The demand may be answered with a "[g]eneral statement of the acts or omissions constituting the negligence claimed" (CPLR 3043, subd [a], par [3]; see *Cirelli v Victory Mem. Hosp.*, 45 AD2d 856). Damiani, J. P., Lazer, Gulotta and Bracken, JJ., concur.