■ EVELYN NEWMAN et al., Respondents, v GOODMAN BROS. MONUMENTS, INC., et al., Defendants, and TWIN CITY CUSTOM SANDBLAST, INC., Appellant. — In an action to recover damages for infliction of mental and emotional shock, distress and humiliation arising from the installation of an improper tombstone, defendant Twin City Custom Sandblast, Inc., appeals from an order of the Supreme Court, Rockland County (Slifkin, J.), dated March 25, 1983, which granted plaintiffs' motion for leave to enter a default judgment against it and denied its cross motion to vacate its default. ¶ Order reversed, as a matter of discretion, without costs or disbursements, motion denied, cross motion granted, and appellant's answer is deemed served on condition that the attorneys for appellant personally pay to the plaintiffs $500 within 20 days after service upon them of a copy of the order to be made hereon, with notice of entry; in the event the condition is not complied with, order affirmed, with costs. ¶ In light of the circumstances and the legislation which modified the *Barasch-Eaton* rule (*Barasch v Micucci,* 49 NY2d 594; *Eaton v Equitable Life Assur. Soc.,* 56 NY2d 900; see CPLR 2005, 3012, subd [d]; L 1983, ch 318), we exercise our discretion to relieve appellant of its default. However, we have imposed an appropriate sanction on appellant's attorneys (see *Mineroff v Macy's & Co.,* 97 AD2d 535; *Robinson v USAA Cas. Ins. Co.,* 97 AD2d 837). Titone, J. P., O'Connor, Brown and Eiber, JJ., concur.

■ MEGAN M. OBERTING, an Infant, by Her Father and Natural Guardian, DONALD J. OBERTING, et al., Respondents, v LONG ISLAND JEWISH-HILLSIDE MEDICAL CENTER et al., Appellants, and DONALD CASPER et al., Respondents, et al., Defendants. — In a medical malpractice action, defendants Long Island Jewish-Hillside Medical Center, Patricia McCarthy and Phillip Lipsitz appeal from an order of the Supreme Court, Queens County (Santucci, J.), dated June 20, 1983, which denied that branch of their motion which sought to vacate the recommendation of the medical malpractice panel that there was liability on the part of appellants, and to refer the case for a hearing *de novo* as to all defendants, before a new panel, and which referred determination of other branches of their motion to the discretion of the Trial Judge. ¶ Permission to appeal from that portion of the order which denied the branch of appellants' motion which sought to vacate the recommendation of the medical malpractice panel granted by Justice Weinstein. ¶ Appeal from that portion of the order which referred determination of other branches of appellants' motion to the discretion of the Trial Judge dismissed (see *Bagdy v Progresso Foods Corp.,* 86 AD2d 589). ¶ Order otherwise affirmed. ¶ Respondents, appearing separately and filing separate briefs, are awarded one bill of costs. ¶ We hold that the "surprise" theory allegedly asserted by plaintiffs at the second hearing before the medical malpractice panel was, in fact, not a "surprise" theory, since the acts of negligence which constituted that claim were sufficiently stated in plaintiffs' bills of particulars (see *Brynes v New York Hosp.,* 91 AD2d 907; *Cirelli v Victory Mem. Hosp.,* 45 AD2d 856; *Patterson v Jewish Hosp. & Med. Center,* 94 Misc 2d 680, affd 65 AD2d 553). ¶ That portion of the order which deferred determination of the other branches of appellants' motion to the Trial Judge is not appealable as a matter of right and we decline to grant permission to appeal from it. Mangano, J. P., O'Connor, Weinstein and Lawrence, JJ., concur.