■ EDWARD BALDINGER, Respondent, v JERRY BLOOM, Defendant, and DOROTHY FISCHER et al., Appellants.—In an action to recover damages for personal injuries, etc., resulting from medical malpractice, the defendants Dorothy Fischer and Arthur Wolintz appeal from so much of an order of the Supreme Court, Kings County (Shaw, J.), dated February 1, 1985, as denied those branches of their cross motion which were to strike the plaintiff's bills of particulars and to direct service of further bills of particulars.

Order modified, by adding a provision thereto that the denial of that branch of the appellants' cross motion which was for an order directing service of further bills of particulars is without prejudice to renewal if the plaintiff fails to serve supplemental bills of particulars within a reasonable time after the completion of disclosure proceedings. As so modified, order affirmed, insofar as appealed from, without costs or disbursements.

In his bills of particulars, the plaintiff stated that there was various information sought which he would not be able to provide until after examinations before trial and disclosure were completed and that he would supplement the bills of particulars at that time. This procedure has long been found acceptable, especially in medical malpractice cases, where the defendants often have more information than the plaintiffs (see, Cirelli v Victory Mem. Hosp., 45 AD2d 856). The bills of particulars apprised the appellants that their liability was based, inter alia, upon their alleged failure to timely diagnose the plaintiff's decedent's lung cancer. At this early stage of the litigation, the information provided was adequate, and Special Term properly refused to strike the bills of particulars. However, we have modified the order to provide that the appellants may renew their request for further bills of particulars if the plaintiff fails to serve supplemental bills of particulars within a reasonable time after the completion of disclo-

sure proceedings. Lawrence, J. P., Eiber, Kooper and Spatt, JJ., concur.