OPINION OF THE COURT
John A. Monteleone, J.
In this medical malpractice action, the defendant, Eugene Edelman, M.D., moves to preclude plaintiffs from adducing *600 any proof at the time of trial with regard to allegations of negligence.
Defendant contends that the plaintiffs have failed to properly respond to items 1, 2 and 7 of his demand for a bill of particulars. In addition, Dr. Edelman seeks an order pursuant to CPLR 3124 directing plaintiffs to respond to items 3, 4 and 5 within 20 days from entry of an order and in the event of noncompliance that plaintiffs be precluded from offering any evidence with respect thereto at the time of trial.
What constitutes a proper demand for a bill of particulars and whether responses constitute compliance in this specialized area of law continues to be the source of never ending motion practice.
The novel relief requested herein involves items 3, 4 and 5. In support thereof Dr. Edelman relies upon CPLR 3101 (d) as amended by the recently enacted medical malpractice statute (L 1985, ch 294) and contends that, inter alia, he is entitled to full disclosure of the substance of the facts and opinions on which each expert is expected to testify in the bill of particulars.
A similar demand was made in Salander v Central Gen. Hosp. (130 Misc 2d 311, 315) and the court therein directed a response "to the extent that they are able. If they have not yet consulted an expert, they shall so state”.
Less there be any confusion, it is important to note that the requirements of a proper demand for a bill of particulars are set forth in CPLR 3043. Specifically, CPLR 3043 (a) (3) requires a "General Statement of the acts or omissions constituting the negligence claimed”. CPLR 3101 relates to scope of disclosure; subdivision (d) refers to trial preparation: "(1) Experts, (i) Upon request, each party shall identify each person whom the party expects to call as an expert witness at trial and shall disclose in reasonable detail the subject matter on which each expert is expected to testify, the substance of the facts and opinions on which each expert is expected to testify, the qualifications of each expert witness and a summary of the grounds for each expert’s opinion”.
Although defendant is entitled to disclosure, he cannot seek evidentiary matter in his demand for a bill of particulars. (Cirelli v Victory Mem. Hosp., 45 AD2d 856; Patterson v Jewish Hosp. & Med. Center, 94 Misc 2d 680, affd 65 AD2d 553.) Contrary to Salander v Central Gen. Hosp. (supra) this court holds that in amending CPLR 3101 (d) there was no *601 legislative intent to change the requirements for a bill of particulars pursuant to CPLR 3043. The legislative memorandum accompanying Laws of 1985 (ch 294) indicated that its purpose is to encourage full disclosure of "expert opinion testimony” (Siegel, Supplementary Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR 3101:29 [1987 Pocket Part], at 6).
The moving defendant, in essence, concedes that there is a fundamental difference between a demand for a bill of particulars and disclosure since it predicates its request for relief pursuant to CPLR 3124 which relates to disclosure. The procedure to seek a preclusion order relating to a bill of particulars is contained in CPLR 3042.
Therefore, the motion is denied with respect to items 3, 4 and 5 without prejudice to renewal pursuant to CPLR 3101.
The relief requested as to items 1 and 2 is denied since the responses satisfy the requirements of CPLR 3043. (See, Patterson v Jewish Hosp. & Med. Center, supra.) With respect to item 7, plaintiffs are directed to furnish a supplemental bill of particulars after completion of discovery if they claim vicarious liability as to this defendant and if not they should so state.