■ FREDERICK BELLEN, Appellant, v M. BAGHEI-RAD et al., Defendants, and Amsterdam Memorial Hospital, Respondent. —Harvey, J. Appeal from that part of an order of the Supreme Court (Ford, J.), entered November 12, 1987 in Saratoga County, which denied plaintiff's motion for, inter alia, an order directing defendant Amsterdam Memorial Hospital to modify its demand for a verified bill of particulars.

In this medical malpractice action, plaintiff has raised objections to items Nos. 16, 17, 20 and 27 in the demand for a bill of particulars by defendant Amsterdam Memorial Hospital, stating that these demands require expert medical evidence and opinion in order to answer. A reading of these items so indicates. The issue then becomes one of whether or not the recent amendment of CPLR 3101 (d) (see, L 1985, ch 294) has modified long-standing case law denying such demands in bills of particulars.

The complaint alleges very little factual material except that the two doctor defendants performed certain surgical procedures in the hospital and that those operations resulted in physical damage to plaintiff. Most of the allegations are broad, conclusory and so nonspecific as to be practically wholly uninformative. More particularization is necessary (see, Nelson v New York Univ. Med. Center, 51 AD2d 352; see also, Brusco v St. Clare's Hosp. & Health Center, 128 AD2d 390, appeal dismissed 70 NY2d 692; Hawkes v Mount Sinai Hosp., 75 AD2d 509).

The effect of the amendment of CPLR 3101 as to bills of

---

particulars has already been considered by trial courts in several cases with differing results *(see, e.g., Galtman v Edelman,* 134 Misc 2d 599; *Salander v Central Gen. Hosp.,* 130 Misc 2d 311). The Second Department has adopted the view that the amendment of the statute requires no changes in the traditional rules for bills of particulars and disclosure devices *(see, Coleman v Richards,* 138 AD2d 556, 557). For the time being, we prefer to decide this issue on a case-by-case basis until experience in practice indicates a need for a clearer and more uniform determination and furnishes a basis for that determination.

We agree, however, with the Supreme Court in *Salander v Central Gen. Hosp. (supra)* that the Legislature did not specify the exact procedure to bring about the "request" for discovery when it provided: *"Upon request,* each party shall identify each person whom the party expects to call as an expert witness at trial and shall disclose in reasonable detail the subject matter on which each expert is expected to testify, the substance of the facts and opinions on which each expert is expected to testify, the qualifications of each expert witness and a summary of the grounds for each expert's opinion" (CPLR 3101 [d] [1] [i] [emphasis supplied]).

In our view, there should be no prohibition of the hospital's demand, given the fact that this is a malpractice action in which the complaint gives no clue as to the specific wrongs alleged to have been committed by the hospital. The need to know specifics is especially necessary in malpractice actions and the Legislature has enacted a number of statutes in its endeavor to bring about an early determination of merit in those cases *(see, e.g.,* CPLR 214-a [shortened Statute of Limitations]; Judiciary Law § 148-a [the establishment of medical malpractice panels to facilitate disposition of these cases]).

Order affirmed, with costs. Kane, J. P., Mikoll, Yesawich, Jr., Mercure and Harvey, JJ., concur.