■ Thomas Hinderer, Respondent, v Morris Erbesh, Appellant. [660 NYS2d 25] —In an action to recover damages for personal injuries, the defendant appeals from (1) an order of the Supreme Court, Dutchess County (Bernhard, J.), entered June 28, 1996, which granted the plaintiff's motion for leave to enter a default judgment on liability against the defendant based upon the defendant's failure to answer the complaint, and denied the defendant's cross motion to dismiss the complaint on the ground that the plaintiff's exclusive remedy was Workers' Compensation, (2) an order of the same court entered September 5, 1996, which granted the defendant's motion, *inter alia*, to reargue the prior motion and cross motion only to the extent of vacating the prior order and restoring the prior motion and cross motion to the calendar, and (3) an order of the same court dated September 18, 1996, which granted the plaintiff's motion for leave to enter a default judgment on the issue of liability and denied the defendant's cross motion to dismiss the complaint.

Ordered that the appeal from the order entered June 28, 1996, is dismissed, as that order was vacated by the order entered September 5, 1996; and it is further,

Ordered that the appeal from the order entered September 5, 1996, is dismissed, since an order which defers determination of a motion is not appealable as of right *(see, Oberting v Long Is. Jewish-Hillside Med. Ctr.,* 100 AD2d 840); and it is further,

Ordered that the order dated September 18, 1996, is reversed,

on the law, the plaintiff's motion is denied, the defendant's cross motion is granted, and the complaint is dismissed; and it is further,

Ordered that the defendant is awarded one bill of costs.

It is well settled that a party attempting to vacate a default must establish both a reasonable excuse for the default and a meritorious defense (*see, Putney v Pearlman,* 203 AD2d 333). In this case, the defendant asserted that under the circumstances, the plaintiff's exclusive remedy was Workers' Compensation and that the default in answering was caused by a misunderstanding as to whether his carrier would provide a defense on his behalf. The defendant thus satisfied the above standard and vacatur was warranted.

In addition, the Supreme Court should have granted the defendant's cross motion to dismiss the complaint. A plaintiff injured during the course of his or her employment cannot maintain an action against the owner of the property where the accident occurred when the owner is also an officer of the corporation which employed the plaintiff (*see, Heritage v Van Patten,* 90 AD2d 936, *affd* 59 NY2d 1017; *McFarlane v Chera,* 211 AD2d 764). Ritter, J. P., Sullivan, Altman and McGinity, JJ., concur.