■ ALDO GIOVANNETTONE et al., Respondents, v C. ROBERT NEIER et al., Defendants, and AMERICAN CYSTOSCOPE MAKERS, INC., Appellant.—In a medical malpractice and products liability action, defendant American Cystoscope Makers, Inc., appeals from an order of the Supreme Court, Queens County, dated April 28, 1978, which denied its motion to (1) preclude admission of proof on certain items contained in its demand for a bill of particulars or, in the alternative, to direct a further bill of particulars as to said items and (2) vacate certain items in the plaintiffs' demand for a bill of particulars. Order modified by deleting therefrom the provision denying the branch of the appellant's motion to vacate and substituting therefor a provision granting said branch of the motion only to the extent of striking Items Nos. 2, 3, 4, 6, 7, 9, 10, 13, 14, 15, 16 and 17 from plaintiffs' demand for a bill of particulars. As so modified, order affirmed, without costs or disbursements. The items stricken call primarily for evidentiary details in areas in which the plaintiffs bear the primary burden of proof (Matter of Reynolds, 38 AD2d 788). While many of the items are properly subject to pretrial disclosure they may not be obtained by means of a bill of particulars. Rabin, J. P., Shapiro, Cohalan and Martuscello, JJ., concur.

■ INTERBORO WHOLESALE FLORIST, INC., et al., Appellants-Respondents, v INTERCOUNTY WHOLESALE FLORIST, INC. et al., Respondents-Appellants.—In a consolidated action brought pursuant to section 720 of the Business Corporation Law, the parties cross-appeal from stated portions of a judgment of the Supreme Court, Queens County, dated April 19, 1978, which, after a hearing before a Referee, granted, inter alia, judgment in favor of the plaintiffs in the principal sum of $240,000. Judgment modified, on the law, by deleting from the first decretal paragraph thereof all the words following "1974" up until and including the word "accrue" and substituting therefor the following: "to April 19, 1978 (see, also CPLR 5003)." As so modified, judgment affirmed insofar as appealed from, without costs or disbursements, and the action is remitted to Special Term for entry of an appropriate amended judgment. In our opinion, the Referee erred in failing to award interest on the judgment from the date of his decision until the date of the entry of the judgment. CPLR 5002 provides that "Interest shall be recovered upon the total sum awarded, including interest to * * * report or decision, in any action, from the date the * * * report or decision was made to the date of the entry of final judgment". Similarly, the Referee erred by providing, in effect, that the judgment shall not bear interest beyond the date of its entry (see CPLR 5003). We have considered the other points raised by the parties and have found them to be without merit. Rabin, J. P., Shapiro, Cohalan and Martuscello, JJ., concur.