■ Epifania Di Mare, as Administratrix of the Estate of Benito Di Mare, Also Known as Michael Di Mare, Deceased, et al., Appellants, v New York City Transit Authority et al., Defendants, and New York Telephone Company, Respondent. (And a Third-Party Action.) — In a wrongful death action, plaintiffs appeal (1) as limited by their brief, from so much of an order of the Supreme Court, Kings County, dated November 15, 1979, as denied their motion to compel defendant New York Telephone Company to produce a certain employee for an examination before trial, and (2) from a further order of the same court, dated May 30, 1980, which granted said defendant's motion for a protective order with respect to plaintiffs' demand for discovery of the last known address of the employee in question (who had since left the telephone company's employ) and denied plaintiffs' cross motion to compel disclosure of the person's last known address and to direct that he appear for an examination before trial. Appeal

from the order dated November 15, 1979 dismissed as academic, without costs or disbursements. Order dated May 30, 1980 reversed, on the law, with $50 costs and disbursements, respondent's motion denied and plaintiffs' cross motion granted. Respondent's time to supply the information is extended until 20 days after service upon it of a copy of the order to be made hereon, with notice of entry. The order of November 15, 1979 denied plaintiffs' motion to compel defendant New York Telephone Company to produce for an examination before trial an engineer who had personally prepared a job order for the project site at which plaintiffs' intestate was mortally injured. Plaintiffs claimed that inadequacies in the pretrial testimony of the individual designated by the telephone company to represent it at the deposition made an examination of the engineer necessary. This appeal must, however, be dismissed since the engineer who authored the job order left the telephone company's employ some time after plaintiffs initially requested his production for examination. Hence, the court cannot compel respondent to produce him at an examination before trial as its representative (see *Frankel v French & Polyclinic Med. School & Health Center,* 70 AD2d 947, 948; see, also, *McGowan v Eastman,* 271 NY 195, 198; 7 Carmody-Wait 2d, NY Prac, § 42.74, and cases cited therein). The order dated May 30, 1980 denied plaintiffs' cross motion to disclose the former employee's last known address, and to compel his appearance as a nonparty witness, and granted respondent's motion for a protective order as to the address. Special Term erred in denying plaintiffs' cross motion as the former employee was the only employee of the New York Telephone Company with personal knowledge of preparation of the job order for the project at which plaintiffs' intestate was injured. The representative designated by respondent could only testify as to what was contained in the order itself. The testimony of the original author of the job order cannot be assumed to be duplicative and without value for discovery. The test of "materiality" and necessity in discovery is one of usefulness and reason (3A Weinstein-Korn-Miller, NY Civ Prac, par 3101.07). In keeping with the liberal policy of disclosure followed by the courts (see *Allen v Crowell-Collier Pub. Co.,* 21 NY2d 403), plaintiffs' cross motion should have been granted, particularly since the engineer should have been produced by the respondent while he was still in its employ. Titone, J. P., Rabin, Margett and Weinstein, JJ., concur.