■ Kenneth Cooperstein et al., Appellants, v Patrician Estates, Inc., et al., Respondents. (And Two Other Titles.) — Motion by plaintiffs to reargue an appeal which resulted in a decision of this court dated July 18, 1983 (96 AD2d 545). Motion denied, and on the court's own motion, the decision of this court dated July 18, 1983, is recalled and vacated and the following decision is substituted therefor: Appeals by plaintiffs (1) from so much of an order of the Supreme Court, Suffolk County (Jaspan, J.), dated October 20, 1982, as (a) failed to grant that branch of their motion which was to compel defendant Patrician Estates, Inc., in action No. 1 to answer certain interrogatories and produce certain records for discovery and inspection; (b) denied that branch of their motion which was to consolidate actions Nos. 1 and 3; (c) denied that branch of their motion which was to punish defendant Burr for failure to comply with an order directing Burr to produce certain documents; and (d) denied that branch of their motion which was to compel defendant O'Shea in action No. 3 to produce item No. 7 from a list of "Items for Discovery and Inspection" dated September 9, 1982, i.e., an "expense log" and (2) from so much of an order of the same court, dated December 9, 1982, as denied that branch of their motion which, in effect, sought reargument. Appeal from the

order dated December 9, 1982, dismissed. No appeal lies from an order denying reargument. Order dated October 20, 1982, modified by striking therefrom the provision denying those branches of the plaintiffs' motion which were for consolidation of actions Nos. 1 and 3 and discovery in action No. 3 of defendant O'Shea's expense log and by substituting therefore provisions granting said branches of the plaintiffs' motion. As so modified, order affirmed, insofar as appealed from. Plaintiffs are awarded one bill of costs. In *Walkovszky v Carlton* (18 NY2d 414, 417) the Court of Appeals held as follows regarding attempts to pierce the corporate veil: "The law permits the incorporation of a business for the very purpose of enabling its proprietors to escape personal liability (see, e.g., *Bartle* v. *Home Owners Co-op.*, 309 N. Y. 103, 106) but, manifestly, the privilege is not without its limits. Broadly speaking, the courts will disregard the corporate form, or, to use accepted terminology, 'pierce the corporate veil', whenever necessary 'to prevent fraud or to achieve equity'. (*International Aircraft Trading Co.* v. *Manufacturers Trust Co.*, 297 N.Y. 285, 292.) In determining whether liability should be extended * * * we are guided, as Judge CARDOZO noted, by 'general rules of agency'. (*Berkey* v. *Third Ave. Ry. Co.*, 244 N. Y. 84, 95.) In other words, whenever anyone uses control of the corporation to further his own rather than the corporation's business, he will be liable for the corporation's acts 'upon the principle of *respondeat superior* applicable even where the agent is a natural person'." The court in *Walkovszky* went on to state (p 418) that in order to pierce the corporate veil and establish that a "corporation is a 'dummy' for its individual stockholders who are in reality carrying on the business in their personal capacities for purely personal rather than corporate ends" there must be (p 420) " 'sufficiently particular[ized] statements' " that the defendant is (p 420) "actually doing business in [his] individual capacit[y] shuttling [his] personal funds in and out of the corporations 'without regard to formality and to suit [his] immediate convenience.' " The plaintiffs' complaint in action No. 3 satisfied the standard set forth in *Walkovszky v Carlton* (*supra*). Viewed within this perspective, and in the absence of any demonstrable claim of prejudice, Special Term erred in denying that branch of plaintiffs' motion which was to consolidate actions Nos. 1 and 3 (see CPLR 602). (It is interesting to note that defendant O'Shea himself previously moved, on December 7, 1981, for a consolidation of actions Nos. 1 and 3, but Special Term apparently never disposed of that application.) With regard to item No. 7 of plaintiffs' list of "Items for Discovery and Inspection" dated September 9, 1982, i.e., O'Shea's expense log, it has been consistently held that the test of materiality and necessity in discovery is one of usefulness and reason (see, e.g., *Di Mare v New York City Tr. Auth.*, 81 AD2d 574, 575). Under this standard, O'Shea's expense log should have been provided, as the action was one to pierce the corporate veil, and the log could indicate whether or not reimbursements received by O'Shea from Patrician Estates, Inc., had actually been given for corporate, and not personal expenses. We have reviewed plaintiffs' remaining contentions and find them to be without merit. Lazer, J. P., Mangano, Gulotta and Niehoff, JJ., concur.