■ MARC-ALBERT LEWITINN, Respondent, v LOVENTHAL MANAGEMENT COMPANY, Appellant, et al., Defendants. — Order of the Supreme Court, New York County (Wallach, J.), entered July 18, 1983, which denied defendant's motion for summary judgment without prejudice to renewal upon papers showing how preclusion of the particulars sought in the demand will make it impossible for plaintiff to establish a prima facie case,

modified, on the law, the facts and in the exercise of discretion, with costs to respondent, to deny permission to renew, and otherwise affirmed.

Defendant appeals from a motion for summary judgment based upon an order of preclusion entered as a result of plaintiff's failure to respond to defendant's demand for a bill of particulars. Under the unusual circumstances disclosed in this record, Special Term was correct in denying the motion for summary judgment, and we see no appropriate purpose to be served by permitting renewal.

This is an action to recover damages sustained as a result of a burglary which the complaint alleges was occasioned by the defendant's acts of negligence. The acts of negligence attributed to the defendant are set forth in the complaint clearly and in detail, more clearly and in more detail than is frequently encountered in bills of particulars.

The defendant's demand for a bill of particulars which resulted in the order of preclusion is not easy to describe. In significant part illegible, it appears to represent a form demand designed for an entirely different kind of case, and bearing only the most incidental relationship to the complaint, whose allegations defendant was purportedly seeking to elucidate. It is perhaps understandable that the plaintiff's former counsel saw no necessity for responding to this hopelessly flawed document.

The circumstances under which this defective demand resulted in an order of preclusion are not entirely clear. It must be assumed that plaintiff's former counsel did not respond to the motion for a conditional order of preclusion and that it was granted on default, since it is obvious that any opposition to the motion would have resulted in the demand being stricken in its entirety. This apparent failure to oppose the motion for a conditional order of preclusion by plaintiff's former counsel is not to be condoned. Equally inexcusable, if not more so, was the action of defendant's counsel in seeking such an order of preclusion based on what they should have known, if any attention whatever had been addressed to the matter, was a hopelessly flawed and defective demand.

Given the detailed specification in the complaint of the acts of negligence relied upon, and the character of the demand for a bill of particulars which resulted in the order of preclusion, Special Term was clearly correct in denying summary judgment. Indeed, it is difficult to see on this record any substantive basis that would justify denial of a motion to vacate the order of preclusion and strike the demand. But the issue not having been raised on appeal, however, we have concluded that it would be

inappropriate for the court *sua sponte* to vacate the order of preclusion. Concur — Sandler, J. P., Sullivan, Asch and Kassal, JJ.