■ KWANG SIK KIM, Respondent, v A & K PLASTIC PRODUCTS, INC., et al., Defendants, and ALEX BORLA et al., Defendants and Third-Party Plaintiffs-Appellants, et al., Third-Party Defendants.—In an action to recover damages for personal injuries, the defendants and third-party plaintiffs Alex Borla and Alyse Faber appeal (1) from an order of the Supreme Court, Kings County (Williams, J.), dated April 16, 1986, which denied their motion for an order of preclusion or to compel the plaintiff to serve a further bill of particulars, and (2) as limited by their briefs, from so much of a resettled order of the same court dated June 19, 1986, as restated the provisions of the order dated April 16, 1986.

Ordered that the appeal from the order dated April 16, 1986 is dismissed, as that order was superseded by the resettled order; and it is further,

Ordered that the resettled order dated June 19, 1986 is modified, by (1) deleting the provision thereof which denied

those branches of the motion which were to compel the plaintiff to submit a further bill of particulars with respect to items Nos. 23, 24 and 25 of the appellants' demand and substituting therefor a provision granting those branches of the motion, and (2) adding a provision thereto granting the plaintiff leave to serve a further bill of particulars with respect to item No. 14 within 30 days after the completion of pretrial discovery. As so modified, the resettled order is affirmed insofar as appealed from, and the plaintiff's time to submit a further bill of particulars with respect to items Nos. 23, 24 and 25 is extended until 30 days after service upon him of a copy of this decision and order, with notice of entry; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The plaintiff's response to item No. 14 was satisfactory. Since plaintiff made no claim in his complaint of any violation of a statute or ordinance, he was not required to respond to the item (see, Bouton v County of Suffolk, 125 AD2d 620; Caudy v Rivkin, 109 AD2d 725; Sobel v Midchester Jewish Center, 52 AD2d 944). We would note, however, that if, after discovery is completed, the plaintiff ascertains that there have been such violations, he shall, within 30 days, serve a further bill of particulars as to item No. 14 (see, Bouton v County of Suffolk, supra; Caudy v Rivkin, supra). He may not, as he purports to do in his bill of particulars, simply defer the issue to the trial court to take judicial notice of any applicable statutes.

The plaintiff's responses to items Nos. 23, 24 and 25 are related to his responses to items Nos. 19 and 20, as to which he has stipulated to provide a further bill of particulars, and in his brief he has agreed that his further bill of particulars will respond to these items in question as well.

As to items Nos. 17, 22 and 26 through 32, we find that the plaintiff has provided the appellants with sufficient details as to the acts and omissions which he claims constitute their negligence, and that the specific details are more properly obtainable through other means of discovery (see, Bouton v County of Suffolk, supra; CPLR 3043 [a] [3]). Mollen, P. J., Thompson, Bracken and Brown, JJ., concur.