■ DUANE S. COLEMAN, an Infant, by His Mother and Natural Guardian, RENEE COLEMAN, Respondent, v THEOBOLD S. RICHARDS, Appellant.—In an action to recover damages for personal injuries, the defendant appeals, as limited by his

brief, from so much of an order of the Supreme Court, Kings County (Pizzuto, J.), dated December 8, 1986, as denied stated portions of his motion to strike the plaintiff's bill of particulars.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The Supreme Court properly exercised its discretion in permitting the plaintiff to complete discovery before providing particulars as to the acts of negligence or omissions which constituted the plaintiff's cause of action. In this case the alleged malpractice occurred when the infant plaintiff was approximately only three weeks old and only after the completion of discovery will the plaintiff be able to submit such particulars (see, Patterson v Jewish Hosp. & Med. Center, 94 Misc 2d 680, affd 65 AD2d 553).

The recent amendment to CPLR 3101 (d) (L 1985, ch 294, § 4) does not require any change in the rule established in Patterson v Jewish Hosp. & Med. Center (supra) that evidentiary matter may not be obtained by a demand for a bill of particulars. There is an essential difference between a bill of particulars and disclosure devices. "The object of a bill of particulars is to amplify the pleadings, limit the proof and prevent surprise at trial" (Padro v Boulevard Hosp., 92 AD2d 888). The purpose of CPLR 3101 (d) is to provide for the disclosure of expert testimony in preparation for trial so as to encourage prompt settlements (1985 NY Legis Ann, at 133). Mollen, P. J., Lawrence, Eiber, Sullivan and Balletta, JJ., concur.