Order affirmed, with costs *(see, Haney v O'Connell,* 145 AD2d 746 [decided herewith]). Kane, J. P., Weiss, Mikoll, Levine and Mercure, JJ., concur.

■ STEVEN HANEY, Appellant, v KEMP O'CONNELL et al., Respondents. (And a Third-Party Action.)—Levine, J. Appeal from an order of the Supreme Court (Ford, J.), entered August 26, 1987 in Saratoga County, which denied plaintiff's motion to sanction defendants pursuant to CPLR 3126.

Plaintiff commenced this action to recover for personal injuries he allegedly sustained while attending the 1982 Harley Rendezvous, a motorcycle rally sponsored by defendants. When defendants Kemp O'Connell and Daniel O'Connell were deposed in May 1985, they alluded to various types of records which were kept in relation to the annual rallies. In response to discovery demands by plaintiff, defendants produced numer-

ous documents and records pertaining to the 1982 event. Plaintiff, however, contending that there had not been full disclosure of defendants' records, moved for an order compelling such disclosure. Specifically, plaintiff sought three items: (1) a list of concessionaires for the 1982 event, (2) a 1982 patron mailing list, and (3) a ticket specimen for the 1982 event. At least as to some of these items, the O'Connells had indicated in their depositions that they believed the requested material was available. In response to plaintiff's motion, the O'Connells each submitted affidavits stating that they did not possess such records.

In November 1986, Supreme Court issued a conditional order compelling disclosure of the items demanded by plaintiff. When the ordered disclosure was not forthcoming, plaintiff sought a further order striking defendants' answer pursuant to CPLR 3126 (3). In opposition to the motion, defendants again swore as to their inability to comply with the order for disclosure. Supreme Court denied plaintiff's motion for sanctions and this appeal by plaintiff ensued.

Based upon our review of the record, we disagree with plaintiff's contention that defendants have acted in a willful and contumacious manner in failing to comply with the demand for disclosure. Rather, it appears that at the time the O'Connells were deposed, each erroneously assumed that certain records had in fact been maintained and were in the possession of the other. Furthermore, there is no evidence that defendants deliberately destroyed the evidence sought in an attempt to undermine or frustrate plaintiff's case. Hence, in our view, Supreme Court did not abuse its discretion in refusing to impose sanctions against defendants *(see, Parascandola v Kaplan,* 108 AD2d 738).

Order affirmed, with costs. Kane, J. P., Weiss, Mikoll, Levine and Mercure, JJ., concur.