(February 18, 1992)

■ NISHA BHARWANI et al., Appellants, v LUCELLE M. DEL ROSARIO et al., Respondents, et al., Defendant.—In an action to recover damages for medical malpractice, etc., the plaintiffs appeal, as limited by their notices of appeal and brief, from (1) so much of an order of the Supreme Court, Suffolk County (Jones, J.), dated June 11, 1990, as, on their motion to vacate or modify the demands of the defendants Lucelle M. del Rosario and Huntington Medical Group, P. C., for bills of particulars, deemed certain items thereof to constitute additional disclosure demands and conditionally granted that portion of the cross motion of the defendants Lucelle M. del Rosario and Huntington Medical Group, P. C., which was for an order of preclusion pursuant to CPLR 3042 (c), on those items, and (2) so much of an order of the same court, dated August 2, 1990, as, upon reargument, adhered to the original determination.

Ordered that the appeal from the order dated June 11, 1990, is dismissed, as that order was superseded by the order dated August 2, 1990, made upon reargument; and it is further,

Ordered that the order dated August 2, 1990, is modified insofar as appealed from by (1) deleting so much of the provision deeming Items 5, 6, 8 (A)-(G), 9 (A)-(C), 13 (C), and 14 of the demands of the defendants for a bill of particulars to be additional demands for discovery, and (2) denying that branch of the cross motion for an order of preclusion as concerned those items; as so modified, the order is affirmed; and it is further,

Ordered that the order dated June 11, 1990, is modified accordingly; and it is further,

Ordered that the plaintiffs are awarded one bill of costs.

It is virtually conceded that the disputed items contained in two demands for a bill of particulars are improper in that

they call for evidentiary matter or for information concerning claims on which the demanders bear the burden of proof *(see, Coleman v Richards,* 138 AD2d 556; *Patterson v Jewish Hosp. & Med. Center,* 65 AD2d 553, *affg* 94 Misc 2d 680; *Cirelli v Victory Mem. Hosp.,* 45 AD2d 856; *see also, Bouton v County of Suffolk,* 125 AD2d 620; *Giovannettone v Neier,* 67 AD2d 962; *Kupferberg v State of New York,* 97 Misc 2d 519; CPLR 4545). We note, moreover, that most of the disputed items are improper *(see, Patterson v Jewish Hosp. & Med. Center, supra; see also, Coleman v Richards, supra).*

It was improper for the Supreme Court, in vacating the palpably improper items of the demands, to deem those items to constitute "additional" demands for disclosure and to direct that the plaintiffs comply with them or suffer preclusion pursuant to CPLR 3042 (c). Although most of the information sought by the improper items is subject to disclosure under CPLR article 31 *(see, Giovannettone v Neier, supra),* the Supreme Court, by its determination, not only ignored the essential differences between CPLR article 30 and CPLR article 31 *(see, e.g., Coleman v Richards, supra; Bouton v County of Suffolk, supra),* it also, in effect, permitted the defendants who made the improper demands to utilize disclosure devices not here authorized *(see,* CPLR 3102, 3130). However, since the plaintiffs have agreed to respond to items 4 and 7 pursuant to CPLR 3042 (g) at the completion of disclosure and since the Supreme Court's determination in substance permitted them to do so, they are no longer aggrieved by the Supreme Court's order with respect to those items and we therefore only modify the order as indicated. Thompson, J. P., Harwood, Rosenblatt and Eiber, JJ., concur.