■ DIANA DELL'AQUILA et al., Appellants, v SUPERMARKETS GENERAL CORP., Respondent.—In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (O'Shaughnessy, J.), dated February 7, 1990, which granted the defendant's motion to strike the complaint for failure to comply with prior court orders.

Ordered that the order is modified, as a matter of discretion,

by deleting the provision granting the defendant's motion and substituting therefor a provision granting the motion only to the extent of precluding the plaintiffs from offering proof with respect to the matter sought by Item No. 17 of the demand for a bill of particulars unless the plaintiffs serve a further response to Item No. 17 and their attorneys personally pay to the defendant the sum of $2,500; in the event the plaintiffs comply with the conditions, the motion is denied; as so modified, the order is affirmed, without costs or disbursements; and it is further,

Ordered that the plaintiffs' time to comply with the foregoing conditions is extended until 30 days of service upon them of a copy of this decision and order, with notice of entry.

In this slip and fall case, the plaintiffs responded to the defendant's demand for a bill of particulars, including Item No. 17 concerning claims of actual and constructive notice of an alleged dangerous condition, and the defendants thereafter made application for a further bill (see, CPLR 3042 [d]) with respect to certain Items, including Item No. 17. On that motion, the plaintiffs evidently indicated that the response to Item No. 17 contained all the information they then possessed but they agreed to provide a supplemental response at the completion of discovery. By order dated June 30, 1987, the court directed the plaintiffs to comply with certain Items of the demand, including Item No. 17, upon completion of discovery. Conditional or absolute preclusion was not awarded.

By preliminary conference order (see, 22 NYCRR 202.12) dated August 11, 1987, covering a variety of topics, the plaintiffs were, inter alia, directed to furnish a further bill within 30 days after completion of disclosure "as per prior order 6/30/87". There is no indication in the record that any part of the bill was then in dispute or that the plaintiffs had failed to timely comply with any notice, demand, or order. The plaintiffs thereafter furnished both further and supplemental bills, in part pursuant to the order dated June 30, 1987, as reiterated in the order dated August 11, 1987. They did not, however, provide any further response to Item No. 17.

In or about March 1988 the plaintiffs served and filed a note of issue and certificate of readiness, prior to which, at a conference with the court, they acknowledged that a supplemental bill of particulars was still outstanding. The defendant thereafter made application to strike the note of issue pending completion of disclosure, upon which the court denied the motion but directed the defendant to produce a witness so that the plaintiffs could properly respond to Item No. 17, the

only item from the bill still outstanding. No preclusion or other remedial directive was made, and although the ordered deposition was conducted, no further response to Item No. 17 was ever provided.

In January 1990 the defendant made the present application for an order striking the plaintiffs' complaint on account of their failure to provide a further response to Item No. 17. Preclusion was also sought. The Supreme Court deemed the plaintiffs' failure to furnish a further response to Item No. 17 to be willful and, citing CPLR 3126, dismissed the complaint.

There are essential differences between the functions of a bill of particulars served pursuant to CPLR article 30 and disclosure conducted pursuant to CPLR article 31 *(see, e.g., Coleman v Richards,* 138 AD2d 556; *Bouton v County of Suffolk,* 125 AD2d 620; *see also,* CPLR 3101 [a]; *Allen v Crowell-Collier Publ. Co.,* 21 NY2d 403; *Rios v Donovan,* 21 AD2d 409). CPLR 3126, concerning willful failure to make disclosure, provides no authority for dismissal in this case. While the striking of a pleading has been utilized as a sanction for failure to serve a bill *(see, Brown v Bazin,* 121 AD2d 422; *cf., Levy v Manhattan & Bronx Surface Tr. Operating Auth.,* 115 AD2d 644), the statutorily recognized remedy for such failure, or for service of a defective bill, is either a conditional or absolute order of preclusion *(see,* CPLR 3042 [d], [e]) which, depending on the case, may or may not provide a basis for accelerated judgment pursuant to CPLR article 32 *(Lewitinn v Loventhal Mgt. Co.,* 109 AD2d 629; *Heffney v Brookdale Hosp. Center,* 102 AD2d 842; *see,* Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3042:10). Moreover, costs may be awarded *(see,* CPLR 3042 [h]).

We do not agree with the Supreme Court that the plaintiffs are guilty of willful refusal to comply with a court-ordered obligation to furnish further particulars so as to justify outright dismissal of the complaint *(cf., Brown v Bazin, supra; see also, Broder v City of New York,* 137 AD2d 415; *see, Juers v Barry,* 114 AD2d 1009; *Goussous v Modern Food Mkt.,* 93 AD2d 417). In light of the plaintiffs' compliance, to the best of their ability, with the defendant's demand for a bill, including Item No. 17, when it was originally made, and in light of the defendant's failure for some 18 months following completion of the post-note-of-issue deposition of its witness to move for relief on account of the plaintiffs' failure to further respond to Item No. 17, and in light of the fact that all disclosure of evidence material and necessary for the defense of the action

had been made *(cf.,* CPLR 3101, 3104 [a]; 22 NYCRR 202.21 [a]), we conclude that a conditional order of preclusion, the first issued in this case, is a sufficient sanction for the plaintiffs' failure to further clarify their claim that the defendant had notice of the condition which caused the fall underlying this litigation *(see, e.g., La Cava v Brooke,* 115 AD2d 643). Because the plaintiffs' attorneys have yet to explain their continued failure to provide a further response to Item No. 17, the payment of costs is included as one of the conditions. Thompson, J. P., Harwood, Rosenblatt and Eiber, JJ., concur.