■ CHAZ HARRELL, by His Mother and Natural Guardian, LISA HARRELL, et al., Respondents, v COUNTY OF NASSAU et al., Defendants, and LORETTA WALTON, Appellant. [643 NYS2d 611] —In an action to recover damages, *inter alia,* for assault and battery, the defendant Loretta Walton appeals, as limited by her brief, from stated portions of an order of the Supreme Court, Nassau County (Feuerstein, J.), dated December 1, 1994, which (1) denied, in part, the branch of her motion which was to direct the plaintiffs to provide a further bill of particulars and response to her combined demands for discovery, (2) denied the branch of her motion which was for a protective order, and (3) granted, in part, the plaintiffs' cross motion for an order directing her to respond to notices of discovery and to a demand for a bill of particulars regarding her affirmative defenses. The appeal brings up for review so much of an order of the same court, dated June 23, 1995, as, upon reargument, adhered to the original determination (*see,* CPLR 5517 [b]).

Ordered that the appeal from the order dated December 1, 1994, is dismissed, without costs or disbursements, as that order was superseded by the order dated June 23, 1995, made upon reargument; and it is further,

Ordered that the order dated June 23, 1995, is modified, on the law, by deleting the provision thereof which adhered to so much of the prior determination as directed the appellant to respond to items four, five, and six of the plaintiffs' demand for a bill of particulars regarding her ninth affirmative defense and substituting therefor a provision striking those items; as so modified, the order is affirmed, insofar as reviewed, without costs or disbursements and the order dated December 1, 1994, is modified accordingly.

The Supreme Court properly denied the appellant's request for an order directing the plaintiffs to provide additional responses to certain items in her demand for a bill of particulars and in her combined demands for discovery as the plaintiffs' responses were sufficiently particular at this pre-discovery stage of the proceedings (*see, Bharwani v del Rosario,* 180 AD2d 704; *Coleman v Richards,* 138 AD2d 556; CPLR 3043 [a]). Under the circumstances of this case, where the infant-plaintiff was allegedly repeatedly assaulted while in the appellant's care, the plaintiffs' response that the incidents took place on a continual basis from May 1992 through and including August 7, 1992, sufficiently apprised the appellant of the allegations against her to enable her to prepare a defense to this action

(*see, e.g., People v Watt,* 84 NY2d 948). Item 33 in the appellant's demand for a bill of particulars was improper (*see, Kwang Sik Kim v A & K Plastic Prods.,* 133 AD2d 219).

The appellant moved for a protective order with respect to the plaintiffs' demand for a bill of particulars concerning her affirmative defenses, and the plaintiffs cross moved for an order directing the appellant to respond. We conclude that items four, five, and six of the plaintiffs' demand for a bill of particulars, which relate to the appellant's ninth affirmative defense, should have been stricken, as those items sought either evidentiary material (*see, Coleman v Richards, supra)* or the grounds of the appellant's legal arguments (*see, Ginsberg v Ginsberg,* 104 AD2d 482, 484).

We have considered the appellant's remaining contentions and find them to be without merit. O'Brien, J. P., Santucci, Joy and Florio, JJ., concur.