■ JOHN J. REDDY, Respondent, v GENERAL CINEMA CORP. OF NEW YORK, INC., et al., Defendants, and DANMAR SECURITY, Appellant. [663 NYS2d 54] —In an action to recover damages for false arrest and malicious prosecution, the defendant Danmar Security appeals, as limited by its brief, from so much of (1) an order of the Supreme Court, Westchester County (Nicolai, J.), entered May 24, 1995, as granted that branch of the plaintiff's motion which was to strike its answer, and (2) an order of the same court, entered January 11, 1996, as, upon reargument, adhered to the prior determination.

Ordered that the appeal from the order entered May 24, 1995, is dismissed, without costs or disbursements, as that order was superseded by the order made upon reargument; and it is further,

Ordered that the order entered January 11, 1996, is modified, as a matter of discretion, by deleting the provision thereof which adhered to the prior determination granting that branch of the plaintiff's motion which was to strike the appellant's answer unconditionally and substituting therefor a provision granting that branch of the plaintiff's motion unless the appellant or its attorneys produce, within 60 days of service upon them of a copy of this decision and order with notice of entry, either (a) all nonprivileged documents not yet produced which are in the custody of the appellant or of any of its former officers or employees who are reasonably available, or of its attorney, and which indicate the names of those individuals employed by the appellant who were present at the Bay Plaza Mall on August 23, 1992, as well as all nonprivileged documents in the custody of the appellant or any of its former officers or employees, which contain any addresses for such individuals, or (b) an affidavit of a person with knowledge explaining in detail why, following diligent efforts, no such documents can be produced; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and so much of the order entered May 24, 1995, as granted that branch of the plaintiff's motion which was to strike the appellant's answer is vacated.

According to the complaint, at approximately 10:15 P.M., on August 23, 1992, three security guards, allegedly employed by the appellant, Danmar Security (hereinafter Danmar), detained the plaintiff until the arrival of a number of police officers who, at approximately 10:40 P.M., placed him under arrest. The two

guards who have been identified, John Nagy and Joseph Monahan, were named as defendants, and have been deposed. Although Danmar "ceased doing business" at some point prior to the end of 1993, its former agents, or its attorneys, have made significant pretrial disclosure, including the production of a witness for a deposition, and the production of several documents including an incident report. However, the plaintiff, is apparently unable to derive from these documents the name or address of the third guard who, he alleges, participated in his detention. Thus unsatisfied with the pretrial disclosure that had been made, the plaintiff sought, and obtained, an order striking the appellant's answer.

We find that the Supreme Court improvidently exercised its discretion in imposing the extreme sanction of striking Danmar's answer. Although Danmar may have destroyed documents when it went out of business, that fact alone is not sufficient to conclude that Danmar engaged in a willful destruction of documents in order to thwart pretrial discovery (*see, e.g., Haney v O'Connell,* 145 AD2d 746; *see also, Ashline v Kestner Engrs.,* 219 AD2d 788; *Prasad v B.K. Chevrolet,* 184 AD2d 626; *Strelov v Hertz Corp.,* 171 AD2d 420).

In the exercise of our discretion, we conclude that the plaintiff's motion should have been granted only to the extent indicated herein. Danmar waived any objection it may have had to the notice for discovery and inspection dated June 3, 1994, by failing to object to it in accordance with the terms of the court's preliminary conference order dated May 5, 1994. Under these and the other circumstances revealed in the record, including the fact that Danmar is no longer operating its business, we conclude that those acting on behalf of Danmar should either produce whatever further documents might assist in the identification of the third guard, or furnish an affidavit of a person with knowledge explaining why such documents do not exist. Bracken, J. P., Rosenblatt, Goldstein and Luciano, JJ., concur.