■ DARRON MOHAMMED, Respondent, v 919 PARK PLACE OWNERS CORP. et al., Appellants, et al., Defendants. [665 NYS2d 435] —In an action to recover damages for personal injuries, the defendants 919 Park Place Owners Corp. and Bellmarc/Regal Management Service appeal from (1) an order of the Supreme Court, Kings County (Rappaport, J.), dated November 26, 1996, which conditionally granted the plaintiff's motion to

strike their answer pursuant to CPLR 3126, and (2) an order of the same court, dated March 21, 1997, which denied their motion for reargument and renewal and struck their answer.

Ordered that the order dated November 26, 1996, is affirmed; and it is further,

Ordered that the appeal from so much of the order dated March 21, 1997, as denied reargument is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated March 21, 1997, is reversed insofar as reviewed, as a matter of discretion, that branch of the appellants' motion which was for renewal is granted, and upon renewal, the plaintiff's motion to strike the appellants' answer is denied, the appellants' answer is reinstated, and the order dated November 26, 1996, is modified accordingly; and it is further,

Ordered that the appellants are awarded one bill of costs.

Whenever possible, actions should be resolved on the merits (*see, Cruzatti v St. Mary's Hosp.*, 193 AD2d 579). In addition, while the nature and degree of the penalty to be imposed pursuant to CPLR 3126 is a matter within the sound discretion of the Supreme Court, the drastic remedy of striking an answer is inappropriate absent a clear showing that the failure to comply with discovery demands is willful, contumacious, or in bad faith (*see,* CPLR 3126 [3]; *Herrera v City of New York,* 238 AD2d 475; *Harris v City of New York,* 211 AD2d 662, 663; *Soto v City of Long Beach,* 197 AD2d 615, 616).

In the case at bar, it has not been clearly demonstrated that the appellants' failure to produce a knowledgeable witness for deposition was willful and contumacious. Rather, the appellants were not able to. produce such a witness because, *inter alia,* the witness in question was no longer in the appellants' employ. It was therefore an improvident exercise of discretion for the Supreme Court to invoke the extreme and drastic penalty of striking the appellants' answer (*see, McIntosh v Flight Safety,* 54 AD2d 559; *see also, Di Mare v New York City Tr. Auth.,* 81 AD2d 574). Mangano, P. J., Copertino, Joy, Florio and Luciano, JJ., concur.