■ JUANA GARCIA, Appellant, v FIRST SPANISH BAPTIST CHURCH OF ISLIP et al., Respondents. [686 NYS2d 81] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from (1) stated portions of an order of the Supreme Court, Suffolk County (Jones, J.), dated November 14, 1997, which denied her motion, *inter alia*, to strike the defendants' answer for failure to comply with discovery, and (2) so much of an order of the same court, entered April 3, 1998, as denied that branch of her motion which was, in effect, for reargument of her prior motion, *inter alia*, to strike the answer.

Ordered that the appeal from the order entered April 3, 1998, is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated November 14, 1997, is affirmed insofar as appealed from; and it is further,

Ordered that the defendants are awarded one bill of costs.

Contrary to the plaintiff's contention, the court did not improvidently exercise its discretion in failing to strike the defendants' answer. The drastic remedy of striking an answer is inappropriate absent a clear showing that the failure to comply with discovery demands is willful, contumacious, or in bad faith (*see,* CPLR 3126 [3]; *Mohammed v 919 Park Place*

*Owners Corp.,* 245 AD2d 351; *Reddy v General Cinema Corp.,* 242 AD2d 693; *Dell'Aquila v Supermarkets Gen. Corp.,* 180 AD2d 708; *Ahroni v City of New York,* 175 AD2d 789). The record herein fails to support a finding that any failure by the defendants to comply with discovery was willful.

Moreover, it is within the court's wide discretion to determine what is "material and necessary" while striking a sensitive balance between the intrusiveness of the discovery device and the merits, or lack thereof, of the claim (*see, Greater N. Y. Mut. Ins. Co. v Lancer Ins. Co.,* 203 AD2d 515; *European Am. Bank v Competition Motors,* 186 AD2d 784). Certain of the challenged items in the plaintiff's notice for discovery and inspection are overly broad in that the information sought was unreasonably intrusive (*see, Greater N. Y. Mut. Ins. Co. v Lancer Ins. Co., supra*) and infringed upon personal areas unrelated to the issues in the case (*see, Walter Karl, Inc. v Wood,* 161 AD2d 704).

The plaintiff's remaining contentions are without merit. Miller, J. P., Ritter, Goldstein and Luciano, JJ., concur.