■ CENTURY 21 PETREY REAL ESTATE, INC., Plaintiff, v RYAN & WALIS REALTY, INC., et al., Defendants. (Action No. 1.) RYAN & WALIS REALTY, INC., et al., Appellants, v CENTURY 21 PETREY REAL ESTATE, INC., et al., Respondents. (Action No. 2.) [726 NYS2d 582] —In two related actions, *inter alia,* to recover real estate brokerage commissions allegedly owed, Ryan & Walis Realty, Inc., Daniel Ryan, and Donald B. Walis, the plaintiffs in Action No. 2, appeal from an order of the Supreme Court, Nassau County (Martin, J.), entered July 11, 2000, which denied their motion for leave to serve a second amended complaint.

Ordered that the order is reversed, on the law and as a matter of discretion, without costs or disbursements, the motion is granted, and the second amended complaint is deemed served.

The Supreme Court improvidently exercised its discretion in denying the appellants' motion for leave to serve a second amended complaint. The appellants sufficiently demonstrated the merits of their proposed pleading and the respondents failed to establish any prejudice resulting from the delay in seeking leave to amend (*see, Castle v Gaseteria Oil Corp.,* 263 AD2d 523; *Bobrowsky v Lexus,* 215 AD2d 424). Further, the fact that the case was certified as ready for trial does not preclude an amendment of the complaint (*see, Barraza v Sambade,* 212 AD2d 655).

We decline to award costs in this case, in light of the inadequate appendix submitted by the appellants. Altman, J. P., S. Miller, Friedmann and Smith, JJ., concur.

■ VERNON CHIN et al., Appellants, v SEARS ROEBUCK & CO., INC., Respondent. [726 NYS2d 582] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Bernstein, J.), dated January 31, 2001, which denied their motion to preclude the defendant from offering evidence at trial pertaining to its twelfth affirmative defense.

Ordered that the order is affirmed, with costs.

The Supreme Court properly denied the plaintiffs' motion to preclude the defendant from offering evidence at trial pertaining to its twelfth affirmative defense (*see, Harris v City of New York,* 211 AD2d 663, 664; *Vatel v City of New York,* 208 AD2d 524; *Coleman v Richards,* 138 AD2d 556). O'Brien, J. P., Krausman, Goldstein, Schmidt and Crane, JJ., concur.