■ CHRISTIAN BARTH, Appellant, v CITY OF NEW YORK, Defendant, and NEW YORK CITY BOARD OF EDUCATION et al., Respondents. (And a Third-Party Action.) [741 NYS2d 735] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Bruno, J.), dated October 27, 2000, which, in effect, granted his motion to strike the answer of the defendants New York City Board of Education and Abiela Contracting, Inc., only to the extent of directing those defendants to comply with certain discovery demands within 60 days.

Ordered that the order is affirmed, with costs.

It is well settled that "the determination whether or not to

strike a pleading lies within the sound discretion of the court" (*Ploski v Riverwood Owners Corp.,* 284 AD2d 316, 317). However, "[w]henever possible, actions should be resolved on the merits" (*Mohammed v 919 Park Place Owners Corp.,* 245 AD2d 351, 352). Accordingly, "[t]he drastic remedy of striking an answer is inappropriate absent a clear showing that the failure to comply with discovery demands is willful, contumacious, or in bad faith" (*Garcia v First Spanish Baptist Church of Islip,* 259 AD2d 465). Contrary to the plaintiff's contentions, the Supreme Court providently exercised its discretion. The defendants New York City Board of Education and Abiela Contracting, Inc., generally provided the requested discovery and the record does not clearly demonstrate that their failure to fully comply with discovery was willful, contumacious, or in bad faith (*see Payne v Rouse Corp.,* 269 AD2d 510). Santucci, J.P., Smith, Goldstein and Friedmann, JJ., concur.