■ DANIEL T. RILEY, Appellant, v ISS INTERNATIONAL SERVICE SYSTEM, INC., et al., Defendants, and TRUMP-EQUITABLE FIFTH AVENUE COMPANY et al., Respondents. [757 NYS2d 593] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Belen, J.), dated March 5, 2002, as granted that branch of his motion which was to strike the answer of the defendants Trump-Equitable Fifth Avenue Company, Trump Corporation, Residential Board of Trump Tower Condominium, Wm. A. White/Grubb & Ellis, Inc., Trump Tower Commercial, LLC, and the Trump Organization based on alleged discovery violations only to the extent of conditionally precluding those defendants from introducing evidence at trial unless they submitted an affidavit concerning the disappearance of certain logbooks, directing the production of certain documents, and awarding an attorney's fee in the sum of $2,500, and denied that branch of his motion which was for summary judgment against those defendants based on the alleged spoliation of evidence.

Ordered that the order is affirmed insofar as appealed from, with costs.

It is within the Supreme Court's broad discretion to determine whether—and to what degree—to impose sanctions against a party for discovery violations (*see* CPLR 3126; *Barth v City of New York,* 294 AD2d 386 [2002]; *Mohammed v 919 Park Place Owners Corp.,* 245 AD2d 351 [1997]; *Cruzatti v St. Mary's Hosp.,* 193 AD2d 579 [1993]). Here, the Supreme Court's

determinations that the defendants Trump-Equitable Fifth Avenue Company, Trump Corporation, Residential Board of Trump Tower Condominium, Wm. A. White/Grubb & Ellis, Inc., Trump Tower Commercial, LLC, and the Trump Organization (hereinafter the Trump defendants) offered a reasonable, albeit late, excuse for failing to produce certain security logbooks, and that a monetary sanction was appropriate for their failure to provide an explanation sooner, were provident exercises of that discretion.

Additionally, since the plaintiff failed to show that the logbooks contained information crucial to his case and that he suffered prejudice by their loss, the Supreme Court properly denied that branch of his motion which was for summary judgment against the respondents based on the doctrine of spoliation of evidence (*see Favish v Tepler,* 294 AD2d 396 [2002]; *Knightner v Custom Window & Door Prods.,* 289 AD2d 455, 456 [2001]; *Tawedros v St. Vincent's Hosp. of N.Y.,* 281 AD2d 184 [2001]; *Puccia v Farley,* 261 AD2d 83, 85 [1999]).

Finally, the Supreme Court providently exercised its discretion in determining that the Trump defendants' responses to certain discovery demands were adequate. S. Miller, J.P., Goldstein, McGinity and Mastro, JJ., concur.