■ DONALD HASZINGER, Plaintiff, v ROBERT PRAVER et al., Defendants and Third-Party Plaintiffs-Appellants, et al., Defendant. PARMEL AGENCY, INC., et al., Third-Party Defendants-Respondents. (And Another Third-Party Action.) [783 NYS2d 878]—

In an action to recover damages for personal injuries, the defendants third-party plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Burke, J.), dated February 3, 2004, as denied that branch of their motion which was to compel the third-party defendants to serve a bill of particulars as to their affirmative defenses, or alternatively, to preclude the third-party defendants from offering evidence at trial as to those defenses.

Ordered that the order is affirmed insofar as appealed from, with costs.

Contrary to the appellants' contention, the respondents were not required to move to vacate or modify the objectionable demand for a bill of particulars (*see* CPLR 3042 [a]; *compare* CPLR former 3042 [a]; *see also* Siegel, Supp Practice Commen-

taries, McKinney's Cons Laws of NY, Book 7B, CPLR C3042:3, 2004 Pocket Part, at 165). The Supreme Court providently exercised its discretion in denying that branch of the appellants' motion which was to compel service of a bill of particulars as to the respondents' affirmative defenses since the demand was improper (*see Hillside Equities v UFH Apts.*, 297 AD2d 704 [2002]; *Harrell v County of Nassau,* 227 AD2d 590, 591 [1996]; *Bharwani v del Rosario,* 180 AD2d 704 [1992]; *Kwang Sik Kim v A & K Plastic Prods.*, 133 AD2d 219 [1987]). The Supreme Court was not required to prune the appellants' improper demand (*see Renucci v Mercy Hosp.*, 124 AD2d 796 [1986]). Smith, J.P., Adams, Crane and Skelos, JJ., concur.